D. C. NEWTON ET AL. v. MARY NEWTON.

(Case No. 5114.)

1. CONTEST FOR LETTERS OF ADMINISTRATION — PRACTICE.— One desiring to contest an application for letters of administration in the probate court may be required to state his interest in the estate, which requirement must be made by exception *in limine*, taken to his appearance, and the exception can form no part of the inquiry after issue joined upon the merits.

2. SAME.— In a contest for letters of administration on appeal in the district court, the case is tried *de novo;* the original applicant may, as in the court below, except to the right of the contestant to oppose the application for letters, and require a statement of his interest before going to trial. On this issue evidence may be heard, and upon proper pleadings, regardless of the action of the court below or the proceedings there, or what the transcript might disclose as to the contest there.

3. SAME.— On a statement of interest in the district court by the contestants, the original applicant for letters may except to the want of certainty in the statement, or, by requiring proof, have the issue of interest settled before going to trial on the merits, but cannot on motion dismiss the appeal.

APPEAL from Wilson. Tried below before the Hon. Everett Lewis.

Mary Newton filed her application in the county court of Wilson county to be appointed administratrix, with the will annexed, of the estate of James Newton, deceased. Afterwards D. C. Newton *et al.* filed in the county court a protest against the appointment. Mary Newton's application was granted, and she was appointed administratrix without bond. To this judgment D. C. Newton *et al.* excepted, and gave notice of appeal in open court, and filed their appeal bond, which was approved.

In the district court, D. C. Newton *et al.* filed a supplemental answer, alleging that "they, as children of James Newton, were interested in his estate." On the same day Mary Newton filed a motion to dismiss the appeal for the reason "that D. C. Newton *et al.* do not appear by the record to be interested parties, and do not appear to be entitled at all to make opposition or to appeal." The motion to dismiss was sustained by the district court. D. C. Newton *et al.* excepted and gave notice of appeal.

There was no motion filed, either in county court or in district court, to strike from the record the protest of D. C. Newton *et al.*, or the supplemental answer, nor was either demurred to as insufficient in substance or defective in form.

*W. H. Burges, J. B. Polly* and *N. O. Green,* for appellants, cited: R. S., arts. 1789, 1790, 1818, 2200, 2201, 2204, 2206 and 2207; Townsend *v.* Munger, 9 Tex., 300; Moore, Adm'r, *v.* Hardison, 10 Tex., 471; Davenport *v.* Hervey, 30 Tex., 329; Phelps *v.* Ashton, id., 347; Sayles' Texas Pleadings, sec. 82.

*B. F. Ballard,* for appellee, cited: R. S., arts. 1818, 2201; Townsend *v.* Munger, 9 Tex., 310; Stark *v.* Seale *et al.,* Texas Law Review, No. 11, March 27, 1883, p. 173; Davenport *v.* Hervey, 30 Tex., 327; Chandler *v.* Hudson, 11 Tex., 36; Langley *v.* Harris, 23 Tex., 568; R. S., arts. 1859–60, 1944–1946, 1928 and 1556

WILLIE, CHIEF JUSTICE.— In the case of Davenport *v.* Hervey, 30 Tex., 327, this court held, in effect, that a party contesting an application in the county court might be required by the applicant to state his interest in the estate; but that this must be done by a precise exception taken to his appearance in the case. They also held that this exception must be taken *in limine,* and could form no part of the inquiry after an issue had been made upon the merits.

It was also said in that case, that, "as the matter is heard *de novo* in the district court on the appeal, the executor or administrator might then, no doubt, require the appellant to propound his interest, and when this was done he might contest it if he saw fit."

When the present case reached the district court on appeal the parties occupied the same position towards each other as they did in the county court, and the trial was to be *de novo*, as if originally brought in the district court. R. S., art. 2207.

To test the interest of the contestants in the matter, Mrs. Newton might then, as well as she could have done in the court below, have excepted to their right to contest her application, and have required them to state their interest in the proceedings. But, in that event, she was required, as in the county court, to except before going to trial upon the merits, and that, too, by exceptions to their right to contest and not to their right to appeal. The effect of such objections as she might properly make would be not to dismiss the appeal, but to dismiss the contestants from the cause.

On a motion to dismiss, the transcript from the lower court alone could be looked to; on exceptions taken to the pleadings of the appellants as not showing a right to contest, evidence might be heard, and the transcript would not be looked to at all, except to show the state of the pleadings of the parties, and not even then if they had been substituted in the district court.

Now it is clear that there are many instances where the transcript from below would show no interest in a contestant, and yet he would be entitled to an appeal.

One would be where he had not appeared at all in the county court, but appeared as a party for the first time in the district court as an appellant. It was held in the case already cited that an interested party might appeal, although he did not appear below. The transcript from the county court in such case would not recognize him at all except in the appeal bond, and yet the case could not be dismissed for this cause without depriving him of a clear statutory right. R. S., art. 2200.

Another would be where the contestant had appeared below, but, upon exceptions, the court had held that he had no interest in the matter. Then, too, it would clearly appear that he had no interest from the ruling of the county court, found in the transcript, but the appeal would not be dismissed, for the question of interest in the subject matter would be for trial *de novo* in the district court. And so in the other supposed case, and in the present one, that question must be tried as any other issue in the district court, upon proper

pleadings, regardless of what occurred upon the trial below, or what the transcript showed in reference to the matter.

In this case the appellants, after the case reached the district court, filed an additional pleading setting up that they were the children of the deceased, and as such interested in his estate. If this was not a sufficient showing of interest, the appellee might, by proper exceptions, have compelled a more specific statement of the manner in which they became interested. If the interest was specifically stated, she could have excepted to its sufficiency or put them upon proof of their statements, and have had the question of interest settled before being forced to a trial upon the merits. But she chose to object by motion to dismiss the appeal, which we have seen she had no right to do, and for the error of the district court in sustaining that motion the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 6, 1884.]