WALTER CHALMERS, INDEPENDENT EXECUTOR, ET AL V. CHARLES A. GUMM.

No. 7611. Decided July 9, 1941.
Rehearing overruled October 15, 1941.
(154 S. W., 2d Series, 640.)

468

*W. P. Hamlen* and *Ernest A. Knipp*, both of Houston, for plaintiff in error.

A contest of a will on the ground of want of testamentary capacity cannot be maintained when said will was admitted to probate before the contest was filed, and upon evidence showing that at that time testator was of sound mind, and under the circumstances the will was valid, and was introduced in evidence without objection, and such will showed upon its face that contestant had no interest in testator's property. Frame v. Whitaker, 120 Texas 53, 36 S. W. (2d) 149; Leatherwood v. Stephens, 24 S. W. (2d) 819; Harris v. Shafer, 86 Texas 314, 24 S. W. 263.

*Taliferro & Graves*, of Houston, for defendant in error.
Where suit was brought to set aside a previously probated will and where the contestants and intervenors show that they were each persons interested in the estate of the deceased, and the proponents did not file affidavit that contestants did not have the right to sue nor entitled to recover, nor in any way raise the question of the capacity of the parties, it was error for the trial court to grant the motion for a judgment non obstante veredicto, and the action of the Court of Civil

Appeals in so holding is correct. Prather v. McClelland, 76 Texas 574, 13 S. W. 543; Arai v. Saenz, 52 S. W. (2d) 383; Moore v. Stark, 118 Texas 565, 21 S. W. (2d) 296.

*Martin, Moore & Brewster,* of Fort Worth, filed brief as amicus curiae.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Defendant in error, Charles A. Gumm, alleging himself to be "a nephew and heir at law of Fred Erichson" brought this action in the County Court of Harris County to set aside the probate of the will of Fred Erichson, deceased. The alleged grounds for setting aside the will and the probate thereof, were: First, lack of testamentary capacity, and, second, undue influence exercised upon the testator by certain persons named as beneficiaries in the will. A trial of the case in the county court resulted in a judgment setting aside the order probating the will. On appeal the case was submitted in the district court upon one special issue. By its answer to that issue the jury found that the testator was lacking in testamentary capacity on the date the will was executed. Thereafter, the proponents filed a motion for judgment notwithstanding the verdict. That motion was granted and judgment was rendered that the plaintiff, Gumm, and certain other alleged relatives who intervened in the cause, take nothing, and that their application to set aside the probate of the will be dismissed. That judgment was reversed by the Court of Civil Appeals and the cause remanded generally to the trial court for another trial. 127 S. W. (2d) 942.

The motion for judgment non obstanto veredicto was based upon two grounds: First, that there was no evidence of testamentary incapacity, and, second, that there was no evidence that Gumm had the requisite interest in the estate to authorize him to prosecute the suit.

We agree with the holding of the Court of Civil Appeals that there was evidence of testamentary incapacity and perceive no reason for writing further upon that question. It would appear that the trial court sustained only the second ground of the motion, as otherwise its judgment would not have been one dismissing the contest. Our opinion will be limited, therefore, to a consideration of the question of whether the trial court

properly dismissed the contest on the ground that the contestants had failed to prove an interest in the estate.

The Court of Civil Appeals reversed the judgment of dismissal of the trial court, basing its holding upon two grounds: One ground was that there was some evidence that Gumm and intervenors had an interest in the estate, and the other was that the question of whether or not they had such interest should have been raised in limine, and came too late for consideration when raised in a motion for judgment non obstante veredicto. We are convinced that the second ground of its holding well supports its judgment and find it unnecessary, therefore, to consider the first one. We shall confine our opinion to a decision of the single question of whether or not it was the duty of the proponents to challenge in limine the right of the contestant to maintain the proceeding.

This question, we think, was definitely settled by this court in the case of Newton v. Newton, 61 Texas 511. That was a case in which there was a contest of the right of a party to be appointed administratrix with the will annexed of the estate of a decedent. The contest was unsuccessful in the county court and the contestants appealed to the district court. In the latter court the contestants alleged that "they, as children of James Newton, were interested in his estate." The administratrix filed in the district court a motion to dismiss the appeal on the ground that the contestants did not appear by the record to be interested parties. That motion was sustained by the district court, but its judgment was reversed by the Supreme Court. Since the opinion in that case so clearly announces the rule we quote from same, in lieu of any further discussion thereof by us, the following:

"In the case of Davenport v. Hervey, 30 Texas 327, this court held, in effect, that a party contesting an application in the county court might be required by the applicant to state his interest in the estate; but that this must be done by a precise exception taken to his appearance in the case. They also held that this exception must be taken *in limine,* and could from no part of the inquiry after an issue had been made upon the merits.

"* * *

"In this case the appellants, after the case reached the district court, filed an additional pleading setting up that they were the children of the deceased, and as such interested in

his estate. If this was not a sufficient showing of interest, the appellee might, by proper exceptions, have compelled a more specific statement of the manner in which they became interested. If the interest was specifically stated, she could have excepted to its sufficiency or put them upon proof of their statements, and have had the question of interest settled before being forced to a trial upon the merits. But she chose to object by motion to dismiss the appeal, which we have seen she had no right to do, and for the error of the district court in sustaining that motion the judgment is reversed and the cause remanded."

A careful study of the cases to which we have been referred and which we have been able to discover, has led us to the conclusion that the case of Newton v. Newton has not been overruled or modified by this Court. A number of cases are cited in the application for writ of error. It would serve no purpose to discuss all of them. Some of them merely announce the well established rule that, in a direct proceeding to set aside the probate of a will, the burden of proof is on the contestant. They do not consider the question of how and when the question of the right to maintain the suit should be raised. Others discuss the question of whether or not the contestants were persons interested in the estate or will, and therefore, proper parties to maintain the suit, but in those cases that question was raised in limine, and the question here for decision was not considered at all.

In the case of Leatherwood v. Stephens (Com. App.) 24 S. W. (2d) 819, cited and relied upon by plaintiffs in error, the opinion does not disclose in what manner the issue of whether or not the contestants were parties interested in the estate was raised, but it is clear that the question here for decision was not decided in that case.

It appears that plaintiffs in error place much reliance upon the case of Abrams v. Ross' Estate (Com. App.) 250 S. W. 1019. That case, to our minds, follows the Newton case. In fact, it cites that case as authority for its principal holding. We quote from that case as follows, supplying the italics:

"Obviously the burden is upon every person appearing to oppose the probate of a will to allege, and, *if required,* to prove, that he has some interest in the estate of the testator which will be affected by such will if admitted to probate. In the absence of such interest a contestant is a mere meddlesome

intruder. Contestants in this case alleged that proponents denied the validity of their title under such execution sale, and pleaded, in addition thereto, their title under deed from Tom C. Tennille, sole devisee of George C. Tennille, who was in turn sole heir of Sarah Ross. They had a right to plead both their titles in the alternative. They were not required to rely upon one or the other. If either title pleaded showed in them any interest in the estate of Sarah Ross, in the absence of the probate of her will, they were entitled to contest such probate. We believe that their plea that they held under deed from Tom C. Tennille showed such interest. St. Mary's Orphans Asylum v. Masterson, 57 Tex. Civ. App. 646, 122 S. W. 587, 590 (writ refused); Pena y Vidaurri's Estate v. Bruni (Tex. Civ. App.) 156 S. W. 315, 316; 40 Cyc. p. 1230. Proponents were, however, not concluded by such allegations alone. They had a right *by timely demand* to put contestants upon proof of the facts so alleged. They made this demand. The trial court erred in overruling their motion to require contestants to support their allegations of interest in the estate of Sarah Ross by proof. Newton v. Newton, 61 Tex. 511, 514."

Our conclusion is that the question of whether or not defendants in error are persons interested in the estate of Fred Erichson so as to be authorized to prosecute the proceeding, should have been raised in limine and before issue was joined on the merits of the case, and that the trial court erred in dismissing the contest on the motion for judgment non obstante veredicto.

The Court of Civil Appeals reversed the trial court's judgment and remanded the cause generally. We affirm its judgment in so far as it reversed and remanded the cause, but modify it to this extent: The trial court is instructed to enter judgment in accordance with the jury's verdict. After judgment is entered plaintiffs in error may then present their motion for new trial and, if overruled, may then prosecute their appeal as from any other judgment. This procedure accords with that outlined in McAfee v. Travis Gas Corporation, 137 Texas 314, 153 S. W. (2d) 443, 9 TSCR 465, released by this Court on June 4, 1941.

The judgment of the Court of Civil Appeals, which reversed the judgment of the trial court and remanded the cause, is modified and as modified, is affirmed.

Opinion adopted by the Supreme Court July 9, 1941.

Rehearing overruled October 15, 1941.