Georgie C. FISCHER et al., Appellants,

v.

Marie WILLIAMS, Executrix, et al., Appellees.

No. 6847.

Court of Civil Appeals of Texas.

Amarillo.

March 16, 1959.

Rehearing Denied April 13, 1959.

Lumpkin & Watson, Amarillo, Leigh Fischer, Tulsa, Okl., for appellants.

Stone & Stone, Amarillo, for appellees.

CHAPMAN, Justice.

Appellees, Marie Williams and Robert Caperton were appointed independent executors of the last will and testament of Joseph Langston Williams, dated July 7, 1955, and a codicil thereto attached dated January 25, 1957. Said will was admitted to probate in the County Court of Potter County, Texas, on June 4, 1957.

On August 9, 1957, appellant, Georgie C. Fischer and Mariam Caperton filed in said Court an action attacking the probated will and codicil on the grounds of lack of testamentary capacity, undue influence, fraud and forgery, and alleged they were sisters-in-law of Joseph Langston Williams, were devisees under a will executed by him dated December ——, 1953 and prayed that the probate of the will and codicil theretofore probated be set aside and the alleged will of December ——, 1953, be probated. They did not produce nor file for probate the alleged will of December ——, 1953, but did attach to their original petition, an unexecuted instrument which they said was a copy of said alleged will.

On December 6, 1957, appellants filed in the County Court their first amended original petition in which they based their claims to an interest in said estate upon an asserted will dated December ——, 1952, abandoning their claimed will of December ——, 1953. They did not produce nor file this asserted will for probate either, but attached to said second pleading another unexecuted instrument which they said was a copy of same.

On May 6, 1958, appellees filed in said County Court a motion for summary judg-

ment, which was sustained on December 31, 1957. Appellants appealed from this order to the 108th District Court of Potter County. The latter court on March 5, 1958, entered judgment overruling appellees motion for summary judgment and remanded the cause to the County Court for further proceedings.

On April 3, 1958, appellants filed their second amended original petition in the County Court in which they based their claim to an interest in the Joseph Langston Williams estate in still another asserted will, which they say was dated after August 26, 1952, and prior to September 1, 1952. They pleaded said purported will of August, 1952, was accidentally destroyed or lost and again attached to their pleadings an unexecuted instrument which they alleged was a copy thereof.

On April 4, 1958, appellees filed a pleading that was denominated motion to dismiss, denied the alleged will of August, 1952 was executed with the formalities required by law and denied that such purported will was accidentally lost or destroyed, alleged that if it ever existed Joseph Langston Williams destroyed it with the intention of revoking it, and alleged in said motion to dismiss that appellants did not have such interest in the Joseph Langston Williams Estate as to entitle them to prosecute their contest.

In reply to appellees' motion to dismiss appellants filed a motion to quash and strike, based upon the assertion that said motion to dismiss constituted only a general demurrer and under our present Rules of Civil Procedure is not authorized. Said motion to quash and strike alleged that the contents of the motion to dismiss was passed upon by the 108th District Court of Potter County when that Court overruled appellants' motion for summary judgment, and that such matters were res adjudicata.

On May 9, 1958, the County Court of Potter County overruled appellees' motion to dismiss and sustained appellants' motion to quash and strike. Appellees appealed from this order to the 47th District Court of Potter County, and on August 11, 1958, that court, after hearing evidence upon the issue of appellants' interest in said estate such as to entitle them to contest the probated will and codicil, held that they failed to establish any interest, sustained appellees' motion to dismiss for lack of interest on the part of appellants to contest, and overruled appellants' motion to quash and strike. It is from that judgment appellants have appealed to this Court.

By oral argument in this court appellees admitted they made a tactical error in filing their motion for summary judgment. To this admission we are inclined to agree, but we cannot agree, as urged by appellants, that a ruling by the 108th District Court on such motion was res adjudicata of the latter pleading filed and denominated motion to dismiss. The ruling of the 108th District Court on the motion for summary judgment only had the effect of holding there were fact issues to be heard, Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Archer v. Skelly Oil Company, Tex. Civ.App., 314 S.W.2d 655; while the latter pleading which said, "Defendants deny that either of the plaintiffs has such an interest in the estate of Joseph Langston Williams, deceased, that she may prosecute this cause" put them upon proof of their right to contest.

Art. 5534, R.C.S. provides that "Any person interested in any will which shall have been probated * * * may institute suit in the proper court to contest the validity thereof, within four years after such will shall have been admitted to probate, * * *." The four year period in which to contest has been superseded by Sec. 93 of our Probate Code, V.A.T.S. by a two year period, but said section still provides that *any person interested* may institute suit to contest the validity of a will that has been admitted to probate. This term "any person interested," as applied to the contest of wills, was a part of our

statutory law, at least as far back as Acts of 1876, P. 94; G.L. Vol. 8, P. 930, has been retained in all amendments through art. 5534, R.C.S., is in the Probate Code, Sec. 93, and has been construed many times by our courts during these years. In Newton v. Newton, 61 Tex. 511, our Sup. Ct. held that Mrs. Newton, who had made application to be appointed administratrix with the will annexed, could except to the right of D. C. Newton, et al. to contest her appointment, and that even when their interest was specifically stated to be that of the children of the deceased she nevertheless could put them upon proof of their statements. This holding was approved by our Commission of Appeals (adopted Sup. Ct.) in Chalmers v. Gumm, 137 Tex. 467, 154 S.W.2d 640, 642, wherein that court said, "A careful study of the cases to which we have been referred and which we have been able to discover has led us to the conclusion that the case of Newton v. Newton has not been overruled or modified by this court." We therefore hold that the pleadings filed in County Court (the name by which it was called was immaterial) after the case had been returned from the 108th District Court for further proceedings, properly put appellants upon proof of facts showing them to be such *persons interested* in the estate in question as to entitle them to contest the probated will and that the hearings subsequent to the summary judgment proceedings were not res adjudicata thereof. (Emphasis added.)

▉ Appellants' second point is based upon what we believe to be a false promise, viz. that the 47th District Court conducted an original hearing and that said court had no such original jurisdiction to conduct such a hearing upon appeal from the County Court sitting in probate. This premise seems to be based upon the fact that the County Court did not require any testimony in ruling upon the question of such interest on the part of appellants as to entitle them to contest. If we are correct in our interpretation of the cases heretofore and hereafter cited, the County Court,

in its order of May 9, 1958, erroneously sustained appellants' motion to quash and strike, which order had the effect of denying appellees the right to require appellant contestants to show they had such interest as to entitle them to contest the probated will. To receive relief from said County Court order it was incumbent upon appellees to appeal to the District Court.

Art. 3698, R.C.S., Sec. 28, Probate Code, provides, "Any person who may consider himself aggrieved by any decision, order, decree or judgment of the county court, shall have the right to appeal therefrom to the district court of the county . * * *" In referring to art. 3698 our Sup.Ct. has said, "Under the above statute, in order to authorize an appeal in a probate matter, it is not necessary that the decision, order, decree, or judgment referred to therein be one which fully and finally disposes of the entire probate proceeding." Kelley v. Barnhill, 144 Tex. 14, 188 S.W.2d 385, 386 (citing cases) "However, it must be one which finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding was brought." It then becomes necessary to determine if our case is one where the particular order comes within such rule. We believe it is.

It has been textually stated that, "The right of a contestant to resist or attack the probate of a will is preliminary to and distinct from the issue of devisavit vel non." 57 Am.Jur., Sec. 775, p. 529. Another text writer has said, "One propounding a will for probate, or one opposing or contesting the probate of a will, or seeking to set aside a probated will, has the burden of establishing his right so to do, * * *. Where a contestant claims that he is a beneficiary in a prior will it is incumbent on him to show such fact, and to prove the existence, terms, and validity of the earlier will and his interest thereunder, and that it should be admitted to probate." 95 C.J.S. Wills § 387, p. 291. In Newton v. Newton, supra, our Supreme Court said:

"In the case of Davenport v. Hervey, 30 Tex. [308] 327, this court held, in effect, that a party contesting an application in the county court might be required by the applicant to state his interest in the estate; but that this must be done by a precise exception taken to his appearance in the case. They also held that this exception must be taken *in limine,* and could form no part of the inquiry after an issue had been made upon the merits.

"It was also said in that case, that, 'as the matter is heard *de novo* in the district court on the appeal, the executor or administrator might then, no doubt, require the appellant to propound his interest, and when this was done he might contest it if he saw fit.'

"When the present case reached the district court on appeal the parties occupied the same position towards each other as they did in the county court, and the trial was to be *de novo,* as if originally brought in the district court. R.S., art. 2207 [Texas Rules of Civil Procedure, rule 334].

"To test the interest of the contestants in the matter, Mrs. Newton might then, as well as she could have done in the court below, have excepted to their right to contest her application, and have required them to state their interest in the proceedings. But, in that event, she was required, as in the county court, to except before going to trial upon the merits, and that, too, by exceptions to their right to contest and not to their right to appeal. The effect of such objections as she might properly make would be not to dismiss the appeal, but to dismiss the contestants from the cause."

We believe the case of Chalmers v. Gumm, supra [137 Tex. 467, 154 S.W.2d 643], furnishes further authority for holding that in our case the judgment denying the right of appellees to require a showing of interest was one that would finally dispose of and was conclusive of the issue or controverted question for which that particular part of the proceeding was brought, to wit: the interest entitling appellants to contest. The court in that case said, "Our conclusion is that the question of whether or not defendants in error are persons interested in the estate of Fred Erichson so as to be authorized to prosecute the proceeding, should have been raised in limine and before issue was joined on the merits of the case. * * * *"

Later statements on the subject is found in Baptist Foundation of Texas v. Buchanan, Tex.Civ.App., 291 S.W.2d 464, 469, wherein the court said, "When a person's right to maintain contest under Art. 5534 for lack of interest, is challenged, the immediate issues involved are distinct and independent of, and are not to be blended with issues finally determinative of the particular litigation."

Then in Chesney v. Chesney, Tex.Civ. App., 270 S.W.2d 464, 465, the court said, "It is settled law that all orders made in the course of administration which are conclusive at the end of the term are treated as final judgments, from which an appeal may be taken to the district court."

From all these authorities it seems clear to us that the issue of interest such as to entitle appellants to contest the probated will could form no part of the inquiry after an issue had been made on the merits, and that the right of appellees to require appellants to show such interest, when denied by the County Court, was a final order or judgment on that part of the case, was separate from the merits, and was appealable.

Appellants' third point is that the action of the 47th District Court in conducting a hearing and issuing a final judgment is a determination, in limine of the ultimate issues of fact to be decided only upon a trial upon the merits.

We can see no reason why appellees should be denied the legal rights accorded them, under the authority of the cases herein cited, of requiring appellant to show in a preliminary hearing (or as sometimes expressed, a threshold, or, in limine hearing) such interest as would entitle them to contest just because, under the particular facts of this case, their failure to show such interest would have the effect of leaving them without a law suit. In any in limine hearing if the contestants fail at such hearing to show that interest entitling them to contest that the statutes mention they have no further right in the case. As stated in Abrams v. Ross' Estate, Tex.Com. App., 250 S.W. 1019, 1021, "In the absence of such interest a contestant is a mere meddlesome intruder."

By brief, and in oral arguments before this court, appellants have urged that they have shown a contingent interest such as to entitle them to contest. "The language 'any person interested in the estate of a decedent' has been construed by our courts as meaning one 'who either absolutely or contingently is entitled to share in the estate or the proceeds thereof.' ", Laros v. Hartman, 152 Tex. 518, 260 S.W. 2d 592, 595, and cases there cited, but appellants have pointed us to no case, nor have we found one, that defines specifically the term "contingently," as there used. We do have much authority for the proposition that when exception is taken to a contestants' interest, such as to entitle them to contest, a mere statement of interest is insufficient. In Newton v. Newton, supra, it is stated, "If the interest was specifically stated, she could have excepted to its sufficiency or put them upon proof of their statements, and have had the question of interest settled before being forced to a trial upon the merits." In Abrams v. Ross' Estate, supra [250 S.W.2d 1021], it is said, "They had a right by timely demand to put contestants upon proof of the facts so alleged. They made this demand. The trial court erred in overruling their motion to require contestants to support their allegations of

interest in the estate of Sarah Ross by proof." The record in this case shows that neither of the appellants were heirs at law of the testator.

During the trial in the 47th District Court appellants were put upon proof of their interest such as to entitle them to contest the probated will. They offered proof, which that court found to be insufficient to show such interest. We believe it correctly so found and its judgment is accordingly affirmed.