GEORGIE C. FISCHER ET AL v. MARIE WILLIAMS ET AL.

No. A-7339. Decided January 20, 1960.
Rehearing Overruled February 10, 1960.
(331 S.W. 2d Series 210)

*Lumpkin, Watson & Dunlap,* and *Robert Page Smith,* of Amarillo, for petitioners.

The Court of Civil Appeals erred in holding that the County Court's order overruling respondent's motion to dismiss petitioner's cause was an appealable order which the district court had jurisdiction to hear. Waters-Pierce Oil Co. v. State, 107 Texas 1, 106 S.W. 326; Lehman v. Gajewsky, 75 Texas 566, 12 S.W. 1122; Kelley v. Barnhill, 144 Texas 14, 188 S.W. 2d 385.

*Stone & Stone* and *R. A. Stone,* of Amarillo, for respondents.

In rebuttal for petitioner's proposition cited: Chesney v. Chesney, 270 S.W. 2d 464; 95 C.J.S., page 291, sec. 387 and also page 375, sec. 433; Laros v. Hartman, 152 Texas 518, 260 S.W. 2d 592.

MR. JUSTICE SMITH delivered the opinion of the Court.

The last will and testament of Joseph Langston Williams, dated July 7, 1955, with the codicil thereto dated January 25, 1957, was admitted to probate in the County Court of Potter County, Texas, on June 4, 1957. Respondents, Marie Williams and Robert Caperton, were appointed independent executors.

On August 9, 1957, petitioners filed this original cause of action in the Probate Court of Potter County to set aside said will and codicil which had been admitted to probate, and, at the same time, offered for probate a document which they al-

leged was a copy of the *lost last will* and testament of Joseph Langston Williams, deceased.

The petitioners were named beneficiaries in the will which they offered for probate, but were not so named in the will and codicil admitted to probate by the county court on June 4, 1957. The county court sustained respondents' motion for summary judgment, but, on appeal, the district court reversed the action of the county court in sustaining the motion for summary judgment and remanded the case to the county court for further proceedings.

After the case was again on the county court docket, the petitioners amended their pleadings, and the respondents filed a motion to dismiss on the ground that the petitioners were not heirs of the deceased and had no interest in the estate of the deceased.

On April 25, 1958, the petitioners filed what they denominated a "Motion to quash and strike the motion to Dismiss." The motion to quash and strike presented the contention that the motion to dismiss was nothing more than a general demurrer; that there was no basis for it in common law or statutory rules; that the former judgment of the district court was res judicata of the issue that petitioners did have an interest in the estate of the deceased and that the motion was not filed in due order of pleading.

The judgment entered by the probate court reflects that the court ruled on both motions. Without hearing any evidence, judgment was entered overruling respondents' motion to dismiss, and sustaining petitioners' motion to quash and strike respondents' motion to dismiss.

The district court took jurisdiction of respondents' appeal from the probate court judgment, and, after hearing evidence, sustained respondents' motion to dismiss and overruled petitioners' motion to quash and strike, thus sustaining respondents' position that the order overruling the motion was final, and, therefore, an appealable order and that the district court had jurisdiction to adjudicate the question as to whether or not the petitioners were persons interested in the estate of the deceased.

The petitioners on appeal to the Court of Civil Appeals confind their points to the proposition that the district court erred in holding that the judgment of the probate court was a final

and appealable order. The Court of Civil Appeals has affirmed that judgment, 322 S.W. 2d 667, holding that "the county court in its order of May 9, 1958, erroneously sustained appellants' motion to quash and strike, which order had the effect of denying appellee the right to require appellant-contestants to show they had such interest as to entitle them to contest the probated will * * * ." That holding indicates that the conclusion of the Court of Civil Appeals that the judgment of the probate court was a final judgment is based upon a misconstruction or misinterpretation of the record. The probate court's judgment purported to do two things: To overrule the motion to dismiss and to sustain the motion to quash and strike the motion to dismiss. There is nothing in the record, other than the judgment itself, to show which motion was acted on first. If the motion to quash and strike was acted on first and was sustained, there remained no motion to dismiss and the order overruling the motion to dismiss had no meaning and no place in the judgment. If the motion to dismiss was acted on first and was overruled, it was no longer efficacious for any purpose and action sustaining the motion to quash and strike it had no impact on the rights of the parties. The opinion of the Court of Civil Appeals is obviously based upon the supposition that the motion to quash and strike was acted on first. If that supposition were sound, we would be required to decide the same question which the Court of Civil Appeals appears to have decided; that is, whether the quashing and striking of a motion to dismiss because of lack of interest in a party seeking to set aside an order probating a will is a final judgment. But we do not regard the supposition as sound, and, accordingly, are not called on to decide that question.

As heretofore stated, there is nothing in the record, other than the judgment itself, to show which motion was acted on first. The recitation in the judgment is as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion of the Defendants, Marie Williams and Robert Caperton, Executors and Trustees of the Estate of Joseph Langston Williams, deceased, be and it is hereby overruled, and that the Motion to Quash and Strike Such Motion to Dismiss filed by the plaintiffs herein is sustained."

It thus appears from the only evidence available that the motion to dismiss for lack of interest was overruled before the motion to quash and strike was reached for action. The status of the proceeding was fixed when the motion to dismiss was over-

ruled and the subsequent striking of the motion did not change its status; it was just as though the motion to quash and strike had never been filed. The true question to be decided, therefore, is whether a judgment overruling a motion to dismiss for lack of interest is a final or an interlocutory judgment.

When the motion to dismiss was filed the court should have required petitioners to put on proof of interest in an in limine proceeding before acting on the motion. Davenport v. Hervey, 30 Texas 327; Newton v. Newton, 61 Texas 511; Chalmers v. Gumm, 137 Texas 467, 154 S.W. 2d 640. But it can make no difference on the question to be decided that the motion was acted on and overruled without the taking of evidence. The position of the parties was the same. It is our opinion that a judgment overruling such a motion is interlocutory in either situation. Kelley v. Barnhill, 144 Texas 14, 188 S.W. 2d 385. In that case a plea in abatement was overruled, but the principle involved is the same. The court in the Kelley case was called upon to interpret Article 3698, Revised Civil Statutes of Texas, now Section 28 of the Texas Probate Code. The applicable portions of Section 28 and Article 3698 are identical and read as follows:

"Any person who may consider himself aggrieved by any decision, order, decree, or judgment of the Court shall have the right to appeal therefrom to the District Court of the County * * *."

Barnhill was contending that Article 3698 was authority for his appeal to the district court. Barnhill filed a plea in abatement alleging that a district court on appeal from the same probate court had previously probated another will of a prior date by the same testatrix. The trial court overruled the plea in abatement, and respondents, without waiting for a trial on the merits, appealed to the district court from the ruling on such plea. The district court dismissed the appeal on the ground that an appeal would not lie from such a ruling. The Court of Civil Appeals reversed and on appeal this court reversed the judgment of the Court of Civil Appeals and affirmed that of the district court, holding that the order overruling respondents' plea in abatement did not dispose of the issue or controverted question before the court, and, therefore, was a mere interlocutory order made in the progress of the trial and was not appealable.

**1,2** Under Section 28 of the Probate Code, formerly Article 3698, Revised Civil Statutes of Texas, in order to authorize an appeal in a probate matter, it must be an appeal from a decision,

order, decree, or judgment which finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding was brought. See Halbert v. Alford, 82 Texas 297, 17 S.W. 595. We interpret Section 28, supra, to mean that it has application only to such decisions, orders, or judgments as at the end of a term would be held to have conclusively adjudicated some controverted question or right, unless set aside by some proper appellate or revisory procedure. See Lehman v. Gajewsky, 75 Texas 566, 12 S.W. 1122. If the motion to dismiss the contest on the ground that contestants had failed to show an interest in the estate had been sustained, the order would have finally disposed of the controverted question involved, and would have been appealable. Since the order overruling respondents' motion to dismiss failed to finally dispose of the controverted issue, it, therefore, amounts to no more than an interlocutory order, inconclusive in its nature, made in the progress of the trial, and, therefore, not appealable. See Thomas v. Hawpe, 25 Texas Civ. App. 534, 62 S.W. 785, wr. ref. The trial procedure, as outlined in the case of Kelley v. Barnhill, supra, may be appropriately followed in the instant case.

The judgment of the trial court and the Court of Civil Appeals are both reversed, and the cause is remanded to the district court with instructions to dismiss the appeal.

Opinion delivered January 20, 1960.

Mr. Justice Walker, concurring.

I concur in the order directing that the appeal be dismissed, but do not agree with the majority that the probate court simply heard the evidence, concluded that petitioners had such interest as to entitle them to contest the probated will, and accordingly overruled the motion to dismiss. In my opinion the Court of Civil Appeals was correct in its conclusion that the net effect of the order was to deny respondents the right to require petitioners to show interest, but it should not be material to our decision whether the probate court overruled the motion to dismiss or sustained the motion to quash.

As pointed out by the majority, an order overruling a motion to dismiss is interlocutory and not appealable because it does not dispose of the issue or controverted question for which that particular part of the probate proceeding was brought. Kelley v. Barnhill, 144 Texas 14, 188 S.W. 2d 295. In the present case

that question is whether the probate of the 1955 will and the codicil attached thereto should be set aside. Obviously this issue is not finally determined by the probate court when it over-rules a motion to dismiss for lack of interest, and I fail to see how it could possibly be regarded as determined by the quash-ing of such a motion. In either event the controverted question before the court and for which the proceeding was brought is still pending in the probate court for decision.

Opinion delivered January 20, 1960.

MR. JUSTICE GRIFFIN, joined by JUSTICES CULVER and NOR-VELL, dissenting.

I dissent from the holding of the majority that the order in question was interlocutory and not appealable to the District Court.

The Court of Civil Appeals has written a very fine opinion expressing my views, and I see no need to further encumber the reports by my writing further, and I adopt that opinion as an expression of my views.

Opinion delivered January 20, 1960.

Rehearing overruled February 10, 1960.