**Mrs. Elsie Mae CHERRY, Appellant,**

v.

**Violet Baldwin REED et al., Appellees.**

**No. 16339.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 27, 1974.

Rehearing Denied July 25, 1974.

Denson & Swain, Marcus E. Faubion, Houston, for appellant.

Paul B. Miller, Jr., Houston, for appellees.

EVANS, Justice.

This is an appeal from a summary judgment entered by Probate Court No. 2 of Harris County, on appellees' motion, as will contestants, denying probate of a writing dated July 26, 1973 offered as the last will and testament of Effie L. Jones, Deceased. Appellees, as cross-applicants, also filed application with the Court to probate a writing dated July 1, 1959, as the last will and testament of said decedent; however, this application was not disposed of by the court's order and remained on the Court's docket for further disposition.

We are initially faced with a determination of our jurisdiction to hear the appeal.

Section 5 of the Texas Probate Code, V.A.T.S., as amended, provides that the Probate Court shall hear "all applications, petitions and motions regarding probate, administrations, guardianships, and mental illness matters" and that "all *final* orders in such matters shall be appealable to the courts of (civil) appeals." Acts 1973, 63rd Leg., p. 1684, Ch. 610, § 1. This amendment to the Probate Code was authorized by constitutional amendment adopted November 6, 1973. Texas Constitution, Art. V, Sec. 8, Vernon's Ann.St.

Prior to its amendment in 1973, Section 5 of the Probate Code provided that the district court had appellate jurisdiction over the county court in all probate matters and Section 28 of the Code provided that any person aggrieved by "any decision, order, decree, or judgment of the court" had the right to appeal to the district court. Under these Sections, an appeal has been held authorized only if the decision, order, decree, or judgment is one "which finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceedings was brought." Fischer v. Williams, 160 Tex. 342, 331 S.W.2d 210 (1960); Kelley v. Barnhill, 144 Tex. 14, 188 S.W.2d 385 (1945).

We do not believe the legislature intended by its enactment of the amendment of Section 5 to change the basis for determining appealability of orders and judgments in probate matters. A judgment may be final in the sense that it is appealable even though further proceedings may be necessary to carry the judgment into effect; its finality is not essentially dependent upon the stage of the proceeding in which it is rendered. See McDonald, Texas Civil Practice, Rev.1971, Vol. 4, Sec. 17.03.1, pp. 36–37. Thus, in certain instances an order may be "final" for purposes of appeal but intermediate in that further proceedings are appropriate in the case. See examples. McDonald, Texas Civil Practice, Vol. 4, Sec. 17.03.2, pp. 39–40. In probate matters decisions or orders have been considered appealable and not interlocutory if they finally dispose of and are conclusive of the issues involved in that particular phase of the proceedings. Fischer v. Williams, supra; In Re Estate of Cogdell, 426 S.W.2d 586 (Tex.Civ.App. —Eastland 1968, writ ref. n. r. e.).

In the case before us, the summary judgment denied probate of the writing of July 26, 1973 and expressly provided that the appellees' application for probate of the writing of July 1, 1959 should remain pending on the docket of the court. Whether or not the judgment was appealable depends upon whether it finally disposed of the issue involved in that particular phase of the probate proceeding.

While we have not been directed to any authority on this particular point, we believe better reasoning compels a determination that the judgment was final and appealable. The trial court's summary judgment denying probate of the writing offered by appellants effectively disposed of the basic controverted issue between the parties. If the writing of July 26, 1973 should be ultimately declared the decedent's last will and testament, the earlier writing of July 1, 1959 offered by appellees, would have no efficacy. If it is determined that the trial court correctly denied probate of the instrument of July 26, 1973, its judgment effectively disposed of all claims of appellants under and by virtue of said instrument. The trial court's judgment, therefore, constituted a final determination of the controverted question between the parties as to that particular phase of the proceedings.

We next proceed to consider the merits of appellants' contention that the writing of July 26, 1973 met the requirements of Section 59 of the Texas Probate Code.

The writing of July 26, 1973 consists of two typewritten pages. The first paragraph recites that the writing is the last will and testament of Effie Jones. This paragraph is followed by four numbered paragraphs, the first directing payment of debts of the estate; the second devising all the decedent's estate to the applicant and her husband; the third designating applicant as independent executrix and the fourth naming a successor or alternate executor. The last two lines of the fourth paragraph are carried over on the second page of the instrument and immediately following the final line is a self-proving affidavit drafted in conformity with the language of Section 59. This certificate bears the signatures of the testatrix, two witnesses and a notary public. Except for the date filled in the notarial certificate the instrument is undated and there are no signatures or blanks for signatures on either of the two pages except as contained in the self-proving affidavit.

In Boren v. Boren, 402 S.W.2d 728 (Tex.Sup.1966), the Texas Supreme Court held that a one-page will, signed only by the testator, with a validly executed self-proving affidavit attached, did not meet the prerequisites of a valid will under Section 59 of the Texas Probate Code. In Boren, the Supreme Court cited with approval the case of McGrew v. Bartlett, 387 S.W.2d 702 (Tex.Civ.App.—Houston [1st Dist] 1965, writ ref'd n. r. e.), in which this court held that a five page writing followed by blank spaces for signatures and with a duly executed self-proving affidavit attached did not meet the requisites of a will under Section 59.

Appellants argue that the instant case is distinguishable from Boren and McGrew in that the affidavit does not appear on a separate page and that there is, therefore, less opportunity for fraud than if the affidavit had been separately attached. Although appellant's arguments are persuasive, their contentions have been foreclosed by the decisions in this State. In the Boren case, Justice Pope said:

"A testamentary document to be self-proved, must first be a will. Many reasons support that rule as the true legislative purpose. In this case, the self-proving affidavit states that the witnesses' 'names are subscribed to the annexed or foregoing instrument * * *' and that 'each witness stated further that they did sign the same as witnesses. * * *' In fact, the names of the witnesses are not so subscribed to the will. The affidavits identify as the will a document which is inconsistent with the one offered."

In a more recent case, In Re Estate of Pettengill, 508 S.W.2d 463 (Tex.Civ.App.—Amarillo 1974, n. w. h.,) the decedent signed each of three typewritten pages to the writing and attached to the writing was a self-proving clause signed by the decedent and two witnesses. The witnesses, however, signed only the self-proving affidavit and did not sign the writing itself.

The Court of Civil Appeals affirmed the trial court's summary judgment denying probate of the writing, citing Boren and McGrew.

We affirm the judgment of the trial court.