**Brenda Joyce Haynes EDWARDS, Appellant,**

v.

**Freddie Lee Syon HAYNES, Appellee.**

No. A14–84–573CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 21, 1985.

Rehearing Denied April 18, 1985.

Joe B. Phillips, Houston, for appellant.

Donald Dewberry, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

SEARS, Justice.

This is an appeal from a judgment of the probate court in which the appellee was found to be a person interested in the estate of Gertrude Mattie Haynes, deceased, and a legal heir through adoption by estoppel. Appellant challenges appellee's status as a legal heir and claims the trial court erred in admitting evidence and determining adoption by estoppel at the in limine proceeding to show interest. Carried with this appeal is appellee's Motion to Dismiss the Appeal on grounds that the probate court's judgment is a non-appealable interlocutory order. We hold the order is ap-

pealable and the trial court erred in finding that the appellee was adopted by estoppel.

Gertrude Mattie Haynes died on February 7, 1983. On March 15, 1983, her will was admitted to probate, appellant was appointed Independent Executrix and received letters testamentary. On June 28, 1983, appellee filed his First Amended Application to Contest and Set Aside a Will Admitted to Probate in which he claimed the decedent's will was executed under undue influence by the appellant. Appellee further claimed an intestate share of the estate under the doctrine of adoption by estoppel. Appellant then filed a motion contesting appellee's claim to be a person interested in the estate, and requested the court to rule on this issue before going to trial to determine the validity of the will. The probate court held an in limine hearing based on this request. The judgment from which this appeal stems is the result of that hearing and reflects that the probate court found appellant to be a legal heir through adoption by estoppel and therefore a person interested in the decedent's estate. Before ruling on the merits of this appeal it is necessary to deal first with appellee's Motion to Dismiss and determine whether this court has jurisdiction to hear this appeal.

█ It is well settled in Texas that before one may prosecute a proceeding to contest the probate of a will, he must prove that he is a person interested in the estate. *Womble v. Atkins*, 160 Tex. 363, 331 S.W.2d 294 (1960). The proper procedure to follow on the issue of a contestant's interest is to try the issue separately in an in limine proceeding and in advance of a trial on the issues affecting the validity of the will. *Sheffield v. State*, 620 S.W.2d 691, 693 (Tex.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.), and cases there cited. In this case, the probate court correctly heard the matter on appellant's motion to require a showing of interest in advance of the trial to determine the validity of the will. The probate court found the appellee to be an interested person and a legal heir through adoption by estoppel. Once the court found appellee to be an interested person, it would proceed to a jury trial on the validity of the will. The question then becomes whether this determination of interest is appealable before the trial on the will's validity, or interlocutory in nature.

█ The authority to appeal from an order of the probate court is governed by TEX.PROB.CODE ANN. § 5(e) (Vernon 1980), which provides that "All final orders of any court exercising original probate jurisdiction shall be appealable to the courts of (civil) appeals." Appellee relies on *Fischer v. Williams*, 160 Tex. 342, 331 S.W.2d 210 (1960), to support his contention that the order determining appellee to be a person interested in the estate is interlocutory and not appealable. *Fischer* involved a very similar fact situation except that court's judgment specifically overruled a motion to dismiss for lack of interest, while in this case the probate court impliedly overruled the motion to dismiss by determining appellee to be an interested person. The *Fischer* court held that since the order overruling the motion to dismiss failed to finally dispose of the controverted issue (i.e., the will validity), it amounted to no more than an interlocutory order made in the progress of trial, and therefore was not appealable. *Fischer*, 331 S.W.2d at 214. The decision in *Fischer* was based on a probate code provision no longer in effect. Texas Probate Code, ch. 55, § 28, 1955 Tex.Gen.Laws 88, 97, *amended by* Act of June 21, 1975, ch. 701, § 3, 1975 Tex.Gen. Laws 2195, 2196. However, it has been held that § 5 of the Probate Code does not change the basis for determining the appealability of orders and judgments in probate matters. *Cherry v. Reed*, 512 S.W.2d 705, 706 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.). Thus, in order to authorize an appeal in a probate matter, it must be an appeal from a decision, order, decree or judgment which finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding was brought. *Id.; Fischer*, 331 S.W.2d at 213.

Appellant concedes that had the probate court found only that appellee was an interested person, the order would be interlocutory and not appealable. An "interested person" is defined as an heir, devisee, spouse, creditor, or any other having a property right in, or claim against, the estate. TEX.PROB.CODE ANN. § 3(r) (Vernon 1980). Appellant contends, however, that the probate court could have found the appellee to be an interested person without addressing the adoption issue because the appellee was given $1,000.00 under the will. Instead, appellant argues, the court went too far in determining appellee to be a legal heir through adoption by estoppel, and should the order be non-appealable, appellant would have no further opportunity to contest the adoption issue before the trial on the will validity.

■ A probate order may be final and appealable even though the decision does not fully and finally dispose of the entire probate proceeding. *Estate of Wright,* 676 S.W.2d 161 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). We agree with appellant that the order went further than necessary and deprives appellant of the chance to submit at trial the issue of adoption by estoppel. As such the probate court's order constitutes a final determination of the question of heirship presented in that particular proceeding and is appealable. *Wright,* 676 S.W.2d at 164.

Having determined that this court has jurisdiction to hear this cause, we now address the merits of the case.

Appellant asserts there is no evidence to support the probate court's finding of adoption by estoppel.

■ In the absence of a statutory adoption by the decedent, it was incumbent upon the appellee to present evidence of an agreement to adopt; an agreement to adopt is an essential element of adoption by estoppel. *Cavanaugh v. Davis,* 149 Tex. 573, 235 S.W.2d 972, 974 (1951). There need not be direct evidence of an oral or written agreement to adopt, rather such agreement may be proven by the acts, con-

duct and admissions of the parties and other relevant facts and circumstances. *Id.* at 975.

■ We have reviewed the record and hold that there is no evidence of any agreement to adopt. Appellee was the only witness called to testify and he stated he was not aware of any agreement made between his natural mother and the decedent to adopt him. Appellee introduced into evidence a Petition for Adoption filed by the decedent and her husband in 1982. The petition was not signed by the appellee's natural parents and, in any event, was dismissed for want of prosecution in 1983. Appellee testified that he sometimes used the decedent's name, and that the decedent raised him and treated him like a son. However, a prolonged period of custody, use of the decedent's name and treatment like a natural child are not in themselves sufficient facts to infer the requisite agreement. *See Young v. Young,* 545 S.W.2d 551 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ dism'd).

The trial court erred in finding that appellee is a legal heir through adoption by estoppel. We sustain appellant's fifth and sixth points of error and thus need not consider the other points.

The appellee's Motion to Dismiss the Appeal is overruled. The trial court's finding that appellee is an interested party is affirmed, its finding that appellee is a legal heir through adoption by estoppel is reversed, and the cause is remanded to the probate court for trial based on appellee's Application to Contest the validity of the will.