**Freddie Lee Syon HAYNES, Petitioner,**

v.

**Brenda Joyce Haynes EDWARDS, Respondent.**

No. C–4213.

Supreme Court of Texas.

Sept. 18, 1985.

Rehearing Denied Nov. 13, 1985.

Donald Dewberry, Houston, for petitioner.

Joe B. Phillips, Houston, for respondent.

PER CURIAM.

The issue in this case is whether a probate court judgment that a will contestant has an interest in the decedent's estate is a final, thus appealable, order. The court of appeals held that the order was final, but reversed the judgment of the probate court, ruling that there was no evidence the contestant had an interest in the decedent's estate. 690 S.W.2d 50. Pursuant to Tex. R.Civ.P. 483, without hearing oral argument, we reverse the judgment of the court of appeals, and remand the cause to the probate court.

Gertrude Mattie Haynes died testate on February 7, 1983. Her will gave "Freddie Lee Syon" $1,000.00, and left the rest of her estate to her daughter, Brenda Joyce Haynes Edwards. Freddie filed a will contest alleging that Brenda had unduly influenced the decedent, and that he, Freddie, had been adopted through estoppel by the decedent. Brenda filed a motion to dismiss the will contest, alleging that Freddie had no interest in the estate, and she requested a separate trial on that issue. The trial court ordered the separate trial but did not sever that issue from the will contest. After a non-jury trial, the trial court found that Freddie had been adopted by estoppel and rendered judgment that he had an interest in the estate, and therefore, standing to contest the will. Brenda immediately appealed this judgment, and the court of appeals ruled that the judgment was final and appealable. The court of appeals then held there was no evidence of adoption by estoppel and rendered judgment against Freddie.

In *Fischer v. Williams*, 160 Tex. 342, 331 S.W.2d 210, 213 (1960), we held that a judgment overruling a motion to dismiss for lack of interest in the decedent's estate in a will contest is interlocutory and cannot be appealed. The probate court's ruling in this case that Freddie has an interest in the estate is the same as overruling a motion to dismiss for lack of interest. The judgment of the court of appeals conflicts with *Fischer*. Because of the attempted appeal of an interlocutory order, the court of appeals could not determine at that stage whether evidence of adoption by estoppel existed, and we do not rule on that question.

Accordingly, the judgment of the court of appeals is reversed, and the cause is remanded to the probate court.