## In the ESTATE OF Patrick Gene CHAPMAN, Sr.

### No. 09–10–00130–CV.

Court of Appeals of Texas, Beaumont.

May 27, 2010.

---

Ray J. Black, Jr., Law Offices of Ray J. Black, Jr., Houston, Mark Beausoleil, Liberty, for appellants.

Tammy C. Manning, Galligan & Manning, Houston, Mark Morefield, Mark Morefield & Associates, Liberty, for appellee.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

DAVID GAULTNEY, Justice.

Patrick G. Chapman, Jr. and Sheri Ann Chapman Hardin, appellants, filed in the trial court a petition to remove appellee Kelley Lynn Chapman as administrator of the Estate of Patrick Gene Chapman, Sr. Appellants reserved the right to contest the validity of the holographic will. This appeal is from the trial court's "Order

Sustaining Motion In Limine," signed May 8, 2009. The "motion in limine" challenged appellants' standing.

■ A proponent of a will may challenge a contestant's standing by filing a motion to dismiss the will contest before issue is joined on the merits of the will contest. *See Chalmers v. Gumm*, 137 Tex. 467, 154 S.W.2d 640, 643 (1941); *see also Womble v. Atkins*, 160 Tex. 363, 331 S.W.2d 294, 297–98 (Tex.1960); *Boone v. LeGalley*, 29 S.W.3d 614, 615 (Tex.App.-Waco 2000, no pet.); *In re Estate of Hill*, 761 S.W.2d 527, 528 (Tex.App.-Amarillo 1988, no writ) (failure to litigate standing before trial of will contest considered waiver of issue). An order dismissing a will contest because the contestant lacks standing is generally considered an appealable order. *See Womble*, 331 S.W.2d at 298. Appellee Kelley Lynn Chapman also filed a motion for sanctions. The Order Sustaining Motion in Limine reflects the trial court did not rule on the sanctions motion.

We questioned our jurisdiction over the appeal and instructed the parties to file written responses. Both the appellants and the appellee filed responses.

■ A probate order is appealable if an express statute declares the phase of the probate proceedings to be final and appealable. *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex.1995). "Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory." *Id.*

■ "Motion in limine" is the name commonly given a pretrial motion that attempts to prevent the offer of, or reference to, specific evidence or other matter in the presence of the jury. *See Bridges v. City of Richardson*, 163 Tex. 292, 354 S.W.2d 366, 367 (Tex.1962) (purpose of motion in limine). A proceeding challenging standing in probate is sometimes referred to as an "in limine proceeding," because it is a threshold or preliminary proceeding before the trial. *See, e.g., Edwards v. Haynes*, 690 S.W.2d 50, 51 (Tex.App.-Houston [14th Dist.] ), *rev'd on other grounds*, 698 S.W.2d 97, 98 (Tex.1985) ("The proper procedure to follow on the issue of a contestant's interest is to try the issue separately in an in limine proceeding and in advance of a trial on the issues affecting the validity of the will."). A motion to dismiss for lack of standing, however, is properly called a motion to dismiss for lack of standing, rather than a "motion in limine." To avoid ambiguity, if the motion to dismiss is granted, the order should reflect that the claim is dismissed.

■ In this case, the appellants petitioned for removal of the appellee as administrator of the Estate. In response, the appellee challenged the appellants' standing on the ground of lack of interest in the Estate, by filing a document entitled "Motion in Limine, Plea to the Court's Jurisdiction and Motion for Sanctions." The trial court's order of May 8, 2009 granted the motion in limine. The order makes no reference to the plea to the jurisdiction. The court apparently concluded that the appellants lacked standing to petition for the removal of the appellee as administrator of the Estate. *See A & W Indus., Inc. v. Day*, 977 S.W.2d 738, 740 (Tex.App.-Fort Worth 1998, no pet.). The order expressly reserved a ruling on the appellee's motion for sanctions, however, and stated that "said motion for sanctions will be heard at a later date, if requested by any party[.]" Although the trial court subsequently signed a non-suit order, that order does not reference the pending sanctions motion either, and by rule had no effect on the motion. *See* Tex.R. Civ. P.

162; *Unifund CCR Partners v. Villa,* 299 S.W.3d 92, 96 (Tex.2009); *Miller v. Armogida,* 877 S.W.2d 361, 364 (Tex.App.-Houston [1st. Dist.] 1994, writ denied); *see generally, McClendon v. State Farm Mut. Auto., Ins. Co.,* 796 S.W.2d 229, 233 (Tex. App.-El Paso 1990, writ denied) (the trial court may reinstate the dismissed cause of action.).

The order granting the motion in limine might logically be considered a part of an existing proceeding, the motion for sanctions was also a part of that proceeding, and the resolution of the issues raised in the sanctions motion were not disposed of by the Order Sustaining Motion in Limine, or by the non-suit order. Unresolved issues exist relevant to the order of May 8, 2009. Under the circumstances, the order did not clearly and completely terminate the phase of the probate proceeding. *See Crowson,* 897 S.W.2d at 783.

Appellants suggest that the appeal could be abated, and the case remanded to the trial court for entry of a final order. *See* TEX. R. APP. P. 27.2. We conclude the proper course under the circumstances is to dismiss the appeal for lack of jurisdiction. The record does not indicate that the trial court intended its order to be a final determination of the motion for sanctions, and the order granting the motion in limine itself did not unambiguously dismiss the contest. Although an order dismissing a contest because the contestant lacks standing is an appealable order, under the unusual circumstances of this case the order is not yet a final probate order for purpose of appeal. The trial court retains jurisdiction to sign a final order resolving the discrete phase of the probate proceeding. The appeal is therefore dismissed.

APPEAL DISMISSED.