**DISMISS and Opinion Filed May 15, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00256-CV

## IN THE ESTATE OF STEVEN SHIRES WRIGHT, DECEASED

**On Appeal from the County Court at Law No. 2**
**Grayson County, Texas**
**Trial Court Cause No. 2013-2-127P**

# MEMORANDUM OPINION

Before Justices Lang, Myers, and Brown
Opinion by Justice Lang

Before the Court is appellant Monica Nicholson's May 2, 2014 suggestion of lack of jurisdiction asking the Court to abate the appeal pending a final judgment from the trial court. Nicholson contends the order is interlocutory. Appellee BOKF, NA d/b/a Bank of Texas filed a response in support of this Court's jurisdiction.

Generally, this Court has jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A final judgment is one that disposes of all pending parties and claims. *See id.* In a probate proceeding, an order on a discrete issue is appealable before the entire proceeding is concluded if an express statute declares that phase of the proceeding from which the order arises to be final and appealable or if the order disposes of all the parties or issues for which the particular part of the proceeding was brought. *See De Ayala v. Mackie,* 193 S.W.3d 575, 578 (Tex. 2006); *Crowson v. Wakeham,* 897

S.W.2d 779, 783 (Tex.1995). A judgment in a proceeding to declare heirship is a final judgment. *See* TEX. ESTATES CODE ANN. § 202.202(a) (West Supp. 2013).

Nicholson, claiming to be the decedent's common law wife, appealed the trial court's January 17, 2014 order that stated, inter alia, Nicholson is not the "spouse" of decedent and has "no standing" to participate in the probate estate. Accordingly, the trial court "dismissed" her second application for letters of administration and application to determine heirship. Further, the trial court stated in its January 17, 2014 order that it was taking no action at that time on the application to determine heirship and application for letters of administration filed by BOKF.

This case is factually similar to *Crowson*. Bonnie Crowson claimed to be an heir as the common law wife of the deceased. *Crowson*, 897 S.W.2d at 780. Other parties also sought to be named heirs of the decedent's estate. They filed a motion for summary judgment against Crowson on the ground that she was not his common law wife and the trial court granted the motion. *Id*. at 780. The supreme court held that Crowson's claim as a common law wife was part of the larger heirship proceeding involving the other parties. Because heirship had not been finally determined, the summary judgment against Crowson was an interlocutory probate order. *Id*. at 783. Like Crowson's claim, Nicholson's claim as a common law wife is part of the larger heirship proceeding that has not been finally determined.

In its response, BOKF argues the trial court's order is appealable because it finally determined that Nicholson has no interest in the estate. As authority, BOKF relies on *Womble v. Atkins*, 160 Tex. 363, 331 S.W.2d 294 (1960) and *Fischer v. Williams*, 160 Tex. 342, 331 S.W.2d 210 (1960). Both of these cases were decided prior to *Crowson* in which the supreme court adopted a new test for probate appeals. For this reason, we conclude the holdings in those cases are inapplicable.

As stated in its order, the trial court has not made a final determination of heirship and that particular part of the probate proceeding remains pending. Accordingly, the trial court's order denying Nicholson's application to determine heirship is interlocutory. We deny appellant's motion to abate because this Court cannot determine when a final judgment with respect to heirship will be rendered. On the Court's own motion, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

140256F.P05

DOUGLAS S. LANG
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE ESTATE OF: STEVEN SHIRES
WRIGHT, DECEASED

No. 05-14-00256-CV

On Appeal from the County Court at
Law No. 2, Grayson County, Texas.
Trial Court Cause No. 2013-2-127P.
Opinion delivered by Justice Lang.  Justices
Myers and Brown, participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee, BOKF, NA D/B/A BANK OF TEXAS, recover its costs
of this appeal from appellant, MONICA NICHOLSON.

Judgment entered this 15th day of May, 2014.

/Douglas S. Lang/

DOUGLAS S. LANG
JUSTICE