**Dismissed and Memorandum Opinion filed January 5, 2017.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00507-CV

## IN THE ESTATE OF ESTANISLADA RODRIGUEZ

**On Appeal from the County Court at Law No. 3**
**Fort Bend County, Texas**
**Trial Court Cause No. 12-CPR-025070**

## M E M O R A N D U M    O P I N I O N

This is an attempted appeal from an order denying an application to probate a will. On December 16, 2013, following a hearing, the probate court orally denied appellant's application and made a handwritten denial on appellant's proposed order to probate the will. Appellant's notice of appeal was filed on June 24, 2016. According to appellant, the probate proceeding remains pending.

A final order issued by a probate court is appealable to the court of appeals. Tex. Est. Code Ann. § 32.001(c). In a probate proceeding, a final or appealable order need not be one which fully and finally disposes of the entire probate

proceeding. *Crowson v. Wakeham*, 897 S.W.2d 779, 781–82 (Tex. 1995). If not authorized expressly by statute, a probate order is immediately appealable when it disposes of all parties or issues in a particular phase of the proceedings. *Matter of Estate of Denton*, No. 11–14–00222–CV, 2014 WL 5823338, at *1 (Tex. App.— Eastland 2014, no pet.) (mem. op.) (citing *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006)).

Here, there is no express statute that controls. However, our sister court has held that an order denying an application to probate a will resolved a discrete phase of the probate proceeding and was thus appealable. *See Cherry v. Reed,* 512 S.W.2d 705, 707 (Tex. Civ. App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.) (order denying probate of one will without addressing application to probate second will was appealable).

We need not decide whether the denial in this case resolved a discrete phase of the proceeding because even if it did, the notice of appeal is untimely. A notice of appeal must be filed within 30 days after the judgment is signed when appellant has not filed a timely post-judgment motion. *See* Tex. R. App. P. 26.1. Appellant's notice of appeal was filed more than two years after the application was denied. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the 15-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (1997) (construing the predecessor to Rule 26). Appellant's notice of appeal was not filed within the 15-day period provided by Rule 26.3.

On September 8, 2016, notification was transmitted to all parties of the court's intention to dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). On September 21, 2016, appellant filed a response asserting that

2

meritorious grounds for continuing the appeal exist. Appellant contends, inter alia, that there has been no final order fully disposing of the probate proceeding and no party has been prejudiced by the timing of this notice of appeal. Appellant's response fails to demonstrate that this court has jurisdiction to entertain the appeal.

Accordingly, the appeal is ordered dismissed.


PER CURIAM


Panel consists of Justices Boyce, Busby, and Wise.