### ROBY v. HAWTHORNE.
### No. 11485.

Court of Civil Appeals of Texas. Dallas.
July 20, 1935.

Rehearing Granted July 20, 1935.

White & Yarborough, of Dallas, for appellant.

Muse & Muse, of Dallas, for appellee.

LOONEY, Justice.

After having been reversed and remanded ([Tex. Civ. App.] 77 S.W.(2d) 923), this cause took the usual route to the Supreme Court, where on February 13, 1935, appellee's application for writ of error was dismissed, but the mandate of this court has not yet issued.

Appellee now moves the court to retax the costs and eliminate from the cost bill the official court reporter's fee of $726 for preparing transcript of the evidence. The position of appellee is that the case having been appealed in forma pauperis and the statement of facts having been prepared by the official court reporter on order of the court, that under article 2278a (Vernon's Ann. Civ. St.) the reporter was not entitled to have his fee for preparing the transcript taxed as costs, that the same was not paid by the appellant, hence is not recoverable under article 2278a. The statute reads: "In any civil case where the appellant or plaintiff in error has made the proof required to appeal his case without bond, such party shall make affidavit to such fact, and upon the making and filing of such affidavit the court shall order the official reporter to make a transcript in narrative form in duplicate, and to deliver the same to said party, but such court reporter shall receive no pay for same."

Does the language, "but such court reporter shall receive no pay for same," mean that no legal liability on the part of any one exists for the payment of such fees, or does the language simply relieve the appealing party from its immediate payment as a condition precedent to the exercise of his right of appeal?

The court reporter is a sworn officer of the court (article 2321), and his fee for preparing the statement of facts is just another item of court costs, to be taxed as in other instances. The statute in question is one of many others on the subject of court costs, its security and payment, and, being in pari materia, should be construed with others, on the theory that the several statutes relating to the same subject were inspired by one spirit and governed by one policy. 25 R. C. L. pp. 1060, 1061, § 285. It is true that, standing alone, the literal meaning of the phrase quoted supports the contention of appellee; but was that the intention of the Legislature? If, under such circumstances, the Legislature intended to require of a court reporter the preparation of a statement of facts, absolutely free of charge and without the legal liability of any one to pay for same, a conspicuous exception to the general rule was created, and an unjust discrimination imposed on the court reporter.

Under articles 2072 and 2072a, the state, an incorporated city or town, an executor, administrator, or guardian, the banking commissioner of Texas, and the state banking board, are exempt from having to give security for costs; and under article 2276 the litigants named

are not required to give bond on an appeal or writ of error, but it cannot be said that the litigants . named, or the interest or estate represented, are relieved absolutely from the payment of court costs. The exemption given is from having to give security and not from the legal obligation to pay. The conditions that forced the litigant to appeal in forma pauperis were not necessarily permanent, as the unfortunates of to-day may have been the prosperous of the yesterdays, and again, may be among the prosperous of the to-morrows. The present inability of the litigant to either pay or secure the payment of court costs furnished no good reason why the Legislature should permanently have exempted the appealing litigant from his legal obligation to pay the court reporter's fee, nor to exempt the adversary from his liability to pay, if unsuccessful in the litigation, as in the instant case.

With reference to a similar situation, in Harby v. Patterson (Tex. Civ. App.) 59 S. W. 63, 64, Judge Hunter, for the Fort Worth court, said: "Our statute provides that when the plaintiff makes affidavit that 'he is too poor to pay the costs of court, and is unable to give security therefor,' the clerk of the court 'shall issue process and perform all other services required of him in the same manner as if the security had been given.' 1 Sayles' Civ. St. art. 1442. But it does not exempt him from liability for the costs. McPherson v. Johnson, 69 Tex. [484] 488, 6 S. W. 798."

■ Under articles 2051 and 2052, each party to a suit is liable for all costs incurred by him; and as provided in article 2056 the successful party may recover of his adversary all costs incurred. Hence, there exists a primary obligation on each party to pay officers of court the costs incurred by him; also there exists the potential liability of each litigant to pay the costs incurred by his adversary. A cost bill is made up of the fees due officers for various services performed during the progress of the litigation, and the liabilities of parties for the payment of these costs are fixed by statute; hence an officer may rely, primarily, upon the liability of the party incurring the costs, and secondarily, upon the liability of the party cast in the suit.

■ The literal meaning of the language under consideration leads to the rather absurd and unjust consequences of requiring the official court reporter, in the situation presented, to perform gratis, arduous. and extensive duties; yet other officers of court, under similar circumstances,. would be protected in the payment of their fees, under the statutory liabilities of the parties just mentioned. We cannot think the Legislature intended any such result, but, in harmony with the spirit and general policy on the subject, that it did intend that the court reporter should not exact the immediate payment of his fee for preparing the statement of facts. Under this construction, the statute is in accord with others on the same subject, the court reporter suffers no discrimination,. but is placed upon an exact equality with the other officers of court.

■■ To effectuate a legislative intent,. words may be omitted or supplied, and, as. announced in 25 R. C. L. p. 1024 § 259,. "Nothing but clear and unmistakable language will warrant a court in a construction which will produce injustice by the unequal operation of the statutes. If the Legislature manifests an intention to create a system for the government of any subject, it is the duty of the court to effectuate that intention by such a construction as will make the system consistent in all its parts and uniform in its operation. When the Legislature has clearly laid down a rule for one class of cases, it is not readily to be supposed that in its choice of words and phrases, or in the exactment of various provisions in the same act, it has prescribed a different rule for another class of cases within the same reason as the first; a construction which will avoid such senseless discriminations should be adopted where the meaning of the statute as evidenced by its language is debatable."

Motion to retax overruled.

### On Rehearing.

■ The motion by appellee Hawthorne to eliminate from the cost bill $726, the official court reporter's fee for preparing transcript of the evidence, is based on the contention that, as the case was appealed in forma pauperis, and the transcript prepared on order of court, as authorized by article 2278a (Vernon's Ann. Civ. St.), the reporter was not entitled to receive any pay, or to have a fee taxed as a part of the costs. We denied this contention, for reasons stated in our opinion filed June 8, 1935, to which we still adhere.

In his motion for rehearing, appellee assigns error on our action denying his motion on the grounds stated; also urges as an additional ground that, even if the reporter's fee is properly taxable as costs, it is excessive, in that it is based on an arbitrary charge of 50 cents per page for 1,452 pages, whereas, in the situation presented, the legal fee for a narrative form transcript of the evidence is fixed by statute at 20 cents per hundred words. We sustain this contention. The statute fixes the fee of the court reporter for a narrative form transcript at 20 cents per hundred words. See Rev. St. article 2238, as amended by Acts 1931, 1st Called Sess. c. 34, § 3 (Vernon's Ann. Civ. St. art. 2238) and article 2324. The statute also provides that, where a civil case is appealed in forma pauperis, as in the instant case, the court shall require the official reporter to make, not a question and answer transcript, but one in narrative form. See article 2241, R. S. and article 2278a, Vernon's Ann. Civ. St. The record discloses, however, that appellant filed a motion requesting the court for an order requiring the reporter to furnish a question and answer transcript; the motion was sustained, the reporter was ordered to prepare and furnish such a transcript, with which he complied, by preparing and furnishing the question and answer transcript of 1452 pages.

In view of plain provisions of the statute, we think it obvious that, in the situation presented, appellant was not entitled to a question and answer transcript, that his motion for an order requiring the reporter to furnish such a transcript was unauthorized, and that the action of the court, sustaining the motion, was erroneous.

It may be that, by requesting the court for an order requiring the preparation of a question and answer transcript, appellant became legally obligated to pay the reporter 15 cents per hundred words prescribed by statute for such a transcript, and was thereby estopped to deny such liability; but, if so, his liability would rest, not upon a statutory provision, but upon the doctrine of estoppel. Be that as it may, appellee is only secondarily liable for costs incurred by his adversary, hence is not chargeable with any such costs incurred without specific statutory authority. See Routledge v. Elmendorf, 54 Tex. Civ. App. 174, 116 S. W. 156, 160; Wichita Mill, etc., Co. v. State, 57 Tex. Civ. App. 165, 122 S. W. 427, 430; Ackerson v. Farm & Home, etc., Ass'n (Tex. Civ. App.) 71 S.W.(2d) 381, 382.

We sustain appellee's motion for rehearing, set aside our former order, reaffirm the construction of the statute, as stated in our original opinion, but sustain the contention of appellee as to the excessiveness of the reporter's fee, and reduce same accordingly, allowing 20 cents per hundred words for the transcript reduced to narrative form; and, as the result of repeated tests, conclude that such a transcript should not reasonably exceed 1,750 units of 100 words each, which, at the rate of 20 cents per unit, produces the sum of $350, the amount that in our opinion is properly taxable against appellee, as reporter's fee.

Motion for rehearing granted, and costs retaxed.