County Clerk Anita **RODEHEAVER** and Constable **C. R. Davis,** Appellants,

v.

Annie **ALRIDGE,** Administratrix of the Estate of Juanita McGarrity, Deceased, Appellee.

No. 17640.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 27, 1980.

Rehearing Denied May 1, 1980.

Joe Resweber and Billy E. Lee, Houston, for appellants.

Philip M. Shafer, Houston, for appellee.

Before EVANS, PEDEN and WARREN, JJ.

EVANS, Justice.

This action for declaratory judgment was initiated by the County Clerk of Harris County and the Constable of Precinct No. 4 against Annie Alridge, the administratrix of the estate of Juanita McGarrity, deceased, to judicially determine whether the administratrix was exempt from payment of certain fees for the filing, processing and issuance of citation in a suit brought in her fiduciary capacity against a third party defendant.

Prior to the institution of this action for declaratory judgment, Annie Alridge, as administratrix of the estate of Juanita McGarrity, deceased, initiated a suit in probate court against one Robert Parker to recover possession of certain property allegedly belonging to the decedent's estate. At that time the administration proceedings were pending as cause no. 154,805 in the Probate Court, and the suit filed by the administratrix against Parker was docketed by the county clerk under the same cause number as the pending administration.

Since the enactment of a statute by the Texas legislature in 1967, county clerks and clerks of county courts have been authorized and required to collect a fee in the amount of $25.00 for each adverse action or contest filed in a cause pending in probate court, such fees "to be due and payable and to be paid by the party or parties starting or initiating" such adverse action or contest. Article 3930(b) Tex.Rev.Civ.Stat.Ann. Similarly, sheriffs and constables are entitled to receive a fee of $10.00 for service of citation in all courts other than small claims or justice courts. Article 3933a Tex.Rev.Civ. Stat.Ann.

In the case at bar the administratrix refused to pay both such fees contending that such payments, in effect, constituted "security for costs" from which she was exempt from payment under the provisions of Article 2072 Tex.Rev.Civ.Stat.Ann. and Section 12, Texas Probate Code.

The county clerk did issue a citation for service upon the defendant, Robert Parker, but the constable refused to serve the citation upon such defendant unless the administratrix first paid the required fee for such service. The county clerk and constable thereupon brought this action for declaratory judgment, which was docketed under the same cause number as the pending administration proceedings. Both sides then filed motions for summary judgment, and the trial court denied the motion of the county clerk and the constable, and granted the motion of the administratrix, determining, as a matter of law, that the administratrix was exempt from payment of the specified fee.

Before determining the merits of this appeal, it is necessary that this court first determine whether it has jurisdiction.

█ The amount in controversy in the declaratory judgment action does not exceed the sum of $100.00, exclusive of interest and costs, and the amount in dispute is therefore less than the jurisdictional minimum specified by Article 1819 and Article 2249 Tex.Rev.Civ.Stat.Ann. However, this court's jurisdiction extends to appeals from "all final orders" of any court exercising original probate jurisdiction. Section 5, Texas Probate Code; Section 8, Article 5, Texas Constitution, and this court, therefore, has jurisdiction over the appeal, even though the amount in controversy does not exceed the amount specified by statutes.

The next question is whether the order in question is final and appealable, or whether it is merely interlocutory.

An appeal is authorized from an order entered in a probate proceeding which finally disposes of and is conclusive of the issue or controverted question for which that particular action was brought. *Fischer v. Williams*, 160 Tex. 342, 331 S.W.2d 210, 213 (1960); *Kelley v. Barnhill*, 144 Tex. 14, 188 S.W.2d 385 (1945). The declaratory judgment action in the case at bar is a separate and independent suit, even though it is docketed under the same number as the administration proceedings. Since the trial court's order finally disposed of all issues and parties involved in the declaratory judgment action, it is "final" for purposes of appeal, even though further action is appropriate in the administration proceedings. *Cherry v. Reed*, 512 S.W.2d 705 (Tex. Civ.App.-Houston [1st Dist.] 1974, writ ref'd n.r.e.).

On the merits of the case, the county clerk and constable contend that the intent of the legislature in enacting Article 3930(b) was to change the state-wide system of assessing fees and costs and to place the collection of such items on a "pay-as-you-go" basis. It is the contention of these officers that Article 2072 does not exempt court appointed representatives from "payment" of statutory court costs and fees because the effect of Article 3930(b) is to place the term "security for costs" on the same basis as "payment of costs."

A reading of Article 3930(b) shows that the $25.00 fee which the county clerk is to collect for each filed adverse action or contest covers not only the clerk's services for the initial filing of the action but also many other services which will accrue during the processing of the suit. Thus, the statutory fee is, in effect, an advance payment for the cost of services which have not been rendered at the time the fee is collected.

Article 2072 does not exempt court appointed representatives from payment of court costs. *Roby v. Hawthorne*, 84 S.W.2d 1108 (Tex.Civ.App.-Dallas 1935, writ dism'd). However, it does exempt such representatives from payment of advance deposits to serve as security for costs.

It has been held that a city, exempt from giving security for costs under Articles 2072 and 1174, was not required to make advance payments to a court reporter for preparation of a statement of facts. *City of Ingleside v. Johnson*, 537 S.W.2d 145 (Tex.Civ. App.-Corpus Christi 1976, no writ). In that case the court reasoned that the city, exempt from giving an advance payment as security for costs, was in the same position as a party who had given a bond or cash in lieu of costs. The rationale of the court in *Ingleside* is applicable to the circumstances of the present case.

The contention of the county clerk and constable that Article 2072 was impliedly repealed by Article 3930(b) cannot be sustained. In enacting Article 3930(b) the legislature is presumed to have acted with knowledge of and in reference to the existing condition of the law, and the later statute is to be construed in the light of and in harmony with existing laws and with decisions of the courts applicable thereto. *City of Ingleside v. Johnson*, supra.

A general law does not act to repeal a special law by implication, even though both laws may relate to the same subject matter. *State v. The Praetorians*, 143 Tex. 565, 186 S.W.2d 973 (1945). Since Article 2072 deals specifically with the exemption of certain named parties from giving security for costs, it must be considered an exception to the general statute dealing with collection of fees by the county clerk. *Cole v. State*, 106 Tex. 472, 170 S.W. 1036 (1914).

Furthermore, there is no statutory authorization for the constable to require an advance deposit of fees for service of citation. On the contrary, our rules expressly provide that such officers are not entitled to demand advance payment of fees for such services and that same are to be taxed and collected as any other costs. Rule 17, Texas Rules of Civil Procedure.

The trial court's judgment is affirmed.