

# The Attorney General of Texas

September 25, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas  77002

Opinion No. JM-357

Re:  County clerk's duties pursuant to House Bill No. 385, 69th Legislature, 1985, codified as Business and Commerce Code, sections 17.81 through 17.93, which regulates going-out-of-business sales

Dear Mr. Driscoll:

You ask several questions about a county clerk's duties under a recent law that regulates going-out-of-business sales. H.B. No. 385, Acts 1985, 69th Leg., ch. 172, at 920 (to be codified as Bus. & Comm. Code, §§17.81 through 17.93). Under the new law anyone who represents that a sale is in anticipation of the termination of a business must file various inventories and obtain a permit in order to conduct the sale. A person who intends to conduct such a sale must first file an original inventory with the county clerk of the applicable county. Id. §17.83. The filing fee for the original inventory is $20. Id. After the original inventory is filed, the clerk must issue a sale permit. Id. §17.84. For each 30-day period during the sale the permit-holder must file a sale inventory, and within 30 days after the end of the sale, he must file a final inventory. Id. §§17.86, 17.87.

In your request letter and in subsequent correspondence you ask the following questions regarding House Bill No. 385: (1) what information should be included in the permit issued by the county clerk; (2) may the county clerk charge a fee each time an inventory is filed as well as a fee for issuance of the permit; (3) how long must the county clerk retain the inventories and where should they be kept.

House Bill No. 385 contains the following language in regard to the permit to be issued by the county clerk:

> (a) After receiving an original inventory, the county clerk shall issue to the applicant a permit for a going out of business sale. The permit is valid for 120 days after the day that it is issued and is not renewable.

> (b)   The permit holder must post the permit in a conspicuous place at the location of the going out of business sale.
>
> (c)   Before advertising a going out of business sale, the permit holder shall deliver a copy of the permit to the person publishing or broadcasting the advertisement.

Id. §17.84.   The legislature did not specify the form or the content of the permit, but it obviously intended that someone who sees a permit should realize that the person conducting the sale is subject to a law that regulates going-out-of-business sales.   In order to be useful, then, the permit should contain at least the following information: the name and address of the person to whom it was issued, the location of the sale, the date on which the permit was issued and the date on which the permit expires, the fact that the permit is not renewable, and the fact that the sale is governed by House Bill No. 385.   A county clerk may exercise some discretion in designing the permits.   In doing so, however, he should bear in mind the purpose of the permit.

The original inventory filed with a county clerk must be accompanied by a $20 filing fee.   Although House Bill No. 385 requires the filing of subsequent inventories with the county clerk and the issuance of a permit by the county clerk, it does not set any other fees to be charged by the county clerk.   You suggest that the $20 fee is for the filing of the original inventory only and that a clerk's authority to charge additional fees for the permit and subsequent inventories is to be found in article 3930(10), V.T.C.S., which authorizes and requires county clerks to charge reasonable fees for "such other duties prescribed, authorized, and/or permitted by the Legislature for which no fee is set by this Act."

First, it is important to note that although article 3930(10) allows a clerk to charge reasonable fees for duties for which no fee is set "by this Act," that language does not permit a clerk to ignore fees set by other statutes.   Rather, when another statute sets a fee to be charged for a service rendered by a county clerk, the fee set is a legislative determination of what is a reasonable fee for the services rendered.   A clerk may not disregard that determination.   See Attorney General Opinion MW-452 (1982).

In our opinion the legislature intended the $20 fee paid at the time the original inventory is filed to cover all the services rendered by the clerk contemplated by House Bill No. 385.   The fact alone that the statute makes no mention of any fee other than the $20 fee to be collected the first time the clerk renders any service to an applicant suggests that the legislature intended the $20 fee to be the only fee for services rendered by a county clerk pursuant to House

Bill No. 385. Also, the amount of the fee set in House Bill No. 385, by comparison to the filing fee in the prior statute on the subject, indicates that the legislature intended it to be the only fee. The prior law governing going-out-of-business sales required an applicant to file an inventory "together with a filing fee of $2" with the city or county tax assessor or collector in order to obtain a sale permit. At the expiration of 120 days the permit-holder could obtain a renewal permit by filing another inventory and paying a "renewal fee" of two dollars. Acts 1967, 60th Leg., ch. 434, at 1004 (codified at art. 9011, V.T.C.S.; repealed by H.B. No. 385). The prior law required neither sales inventories nor a final inventory. Under that law each $2 fee was a charge for the filing of one inventory and the issuance of one permit. The increase in the filing fee from $2 for filing one inventory and the issuance of one permit by a tax assessor under the prior law to $20 for similar but expanded service by county clerks under the new law indicates that the legislature took into account the numerous filings required under the new law and the burden those filings would place on county clerks and that the $20 fee was intended to cover all services rendered by a clerk pursuant to House Bill No. 385. This one-time fee is analagous to the initial fee paid to cover various services rendered by the clerk in court proceedings. See, e.g., V.T.C.S. art. 3930(b)(B)(1)(a)(i) (setting initial fees for various probate matters); see also Rodeheaver v. Aldridge, 601 S.W.2d 51, 54, (Tex. Civ. App. - Houston [1st Dist.] 1980, writ ref'd n.r.e.). "Thus, the statutory fee is, in effect, an advance payment for the cost of services which have not been rendered at the time the fee is collected." Id. Furthermore, fee statutes are strictly construed, and fees are not permitted by implication." Attorney General Opinion JM-346 (1985) (see cases cited therein).

Finally you ask how long the county clerk must retain the inventories and where the inventories should be kept. House Bill No. 385 makes no provision for the destruction or return of the inventories. Cf. Bus. & Comm. Code §36.14 (provides for the withdrawal of assumed name certificates from the records of the county clerk). Thus, the county clerk must retain the inventories unless they are microfilmed in accordance with article 1941(a), V.T.C.S.

From our correspondence with you we understand that you are referring to the seven classes of records set out in article 1941(a) when you ask where the inventories must be kept. The decision to put public records on microfilm in accordance with article 1941(a) is in the sole discretion of the county clerk. If a clerk chooses to do so, however, he must organize the records according to the seven classes listed in article 1941(a), section 2(b). Because inventories filed pursuant to House Bill No. 385 do not fit into any of the other classes listed, they should be recorded in the class for miscellaneous records, which is known as "Official Public Records of Governmental, Business and Personal Matters." V.T.C.S. art. 1941(a), §2(b)(7).

## S U M M A R Y

The legislature did not prescribe a specific form for the permit to be issued pursuant to House Bill No. 385. The form of the permit should make clear that a person conducting a going-out-of-business sale is subject to House Bill No. 385. The $20 fee covers all services of the clerk required by House Bill No. 385. The county clerk must retain the inventories unless they are microfilmed in accordance with article 1941(a), V.T.C.S. If the inventories are microfilmed, they should be put in the class for miscellaneous records. V.T.C.S. art. 1941(a), §2(b)(7).

Very truly yours

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk