

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

August 23, 1985

Overrules in part JM-168

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Criminal District Attorney
Condemnation Section
Services Building
Dallas, Texas    75202

Opinion No. JM-346

Re: Fees to be charged for
filing certain instruments in
probate court

Dear Mr. Wade:

You request the opinion of this office concerning fees, if any, to be charged by county clerks for the filing of pleadings and legal instruments by defendants in adverse actions in the probate courts, such as the defendant's original answer, answers to interrogatories, or responses to requests for admissions. You also seek clarification of Attorney General Opinion JM-168 (1984) in regard to the applicability of subsection (b)(1), paragraph B(1), section 1, of article 3930(b), V.T.C.S. We conclude that the state statutes do not authorize any fees to be charged by county clerks in adverse actions in the probate court, except the fee to be paid by the party initiating the adverse action as authorized by article 3930(b), section 1, paragraph B(1)(c).

Since 1967, article 3930(b), V.T.C.S., has prescribed the fees which clerks of the county courts are authorized to charge for court-related services performed by the clerks. In section 1, paragraph A of that act provides for fees for ordinary civil cases on the county civil court dockets. Paragraph C relates to services of the clerk in issuing and recording the return of documents where no cause is pending. Paragraph D has to do with issuing certificates, certified copies, and other documents on which there is no return to be recorded. Paragraph E applies to letters testamentary and similar instruments, and Paragraph F applies to the filing and keeping of wills for safekeeping. Section 1, paragraph B, which prescribes fees for probate court dockets, provides, in pertinent part, that

> (1) For each cause or action, or docket in Probate Courts: . . . .
>
> (a) For each original cause or action in a Probate Court, a fee to be due and payable and to be paid by the party or parties starting or initiating said cause or estate action. . . .

(i) For probating will with independent executor; for administration with will attached, for administration of an estate, for guardianship or receivership of an estate, for muniment of title, a fee from the starting or initiating such cause of action until either an order approving the inventory and appraisement is filed or until the inheritance or estate tax receipt is filed, whichever first occurs:  a fee of..........$35.00

. . . .

(b) For each probate docket remaining open after the filing of the order approving the inventory and appraisement or after the filing of the inheritance or estate tax receipt, whichever occurs first, the following fees shall be paid. . . .

(i) For filing, or filing and recording, of each instrument of writing, legal document, paper or record in an open Probate Docket after the filing of the order approving the inventory and appraisement or after the filing of the tax receipt, whichever is applicable, a fee:

(1)  For the first page of............... $3.00
(2)  For each page or part of a page thereafter of........................................ $2.00

(ii) For approving and recording each bond relating only to an open Probate Docket after the filing of the order approving the inventory and appraisement or after the filing of the tax receipt, whichever is applicable, a fee of... $3.00

(iii) For administering each oath relating to an open Probate Docket after the filing of the order approving the inventory and appraisement or after the filing of the tax receipt, whichever is applicable, a fee of...................... $2.00

(c) For each adverse action or contest, other than the filing of a claim against an estate, in a cause or docket in a probate court, a fee to be due and payable and to be paid by the party or parties starting or initiating such adverse action or contest, but excluding other items listed in

Paragraphs A, B, C, and D of this Section 1, of.......................................... $25.00

(d) <u>For filing and entering each claim against an estate in the claim docket</u>, a fee to be paid by claimant at the time of filing such claim, of.......................................... $2.00
(Emphasis added).

Until amended in 1983, paragraph B(1)(a) provided for a fee for each original cause or action for a period of one year from the starting or initiating of the cause of action instead of a fee from the starting or initiating of the cause of action until either an order approving the inventory and appraisement is filed or until the inheritance or estate tax receipt is filed. Likewise, prior to 1983, paragraph B(1)(b) provided fees for each probate docket remaining open after its first anniversary date instead of a fee for each docket remaining open after the filing of the order approving the inventory and appraisement or after the filing of the inheritance or estate tax receipt.

The usual proceedings within the jurisdiction of the probate courts may remain pending for lengthy periods of time. It is our opinion that the legislature intended the reference to inventory and appraisement and to inheritance or estate tax receipt as a determination of the period of time during which services by the county clerk are compensated by the lump sum fee for the starting of the original cause or estate action. The amendment in 1983 ties that determination to key points in the probate process in place of the arbitrary one-year period. <u>See</u> Bill Analysis to S. B. No. 663, 68th Leg., prepared for House Committee on the Judiciary, filed in Bill File to S. B. No. 663, Legislative Reference Library. We conclude that fees provided by paragraph B(1)(b) apply to services which would be covered by the provisions of paragraph B(1)(a) were it not that the services occur after the filing of the order approving the inventory and appraisement or after the filing of the tax receipt. On the other hand, fees provided by paragraph B(1)(c) apply to adverse actions or contests other than claims against an estate, which are not themselves probate matters, but are filed in probate court because they are ancillary or incident to a cause in the probate court. Fees provided by paragraph B(1)(d) apply to claims against an estate.

Hence, we conclude that it is the intention of the legislature that it is paragraph B(1)(c), not paragraph B(1)(b), that applies to the adverse actions about which you inquire.

It has long been established that unless a fee is provided by law for an official service required to be performed and the amount is

fixed by law, a fee may not be charged.  Furthermore, fee statutes are strictly construed, and fees are not permitted by implication.

> The courts of this state have adopted the rule construing strictly those statutes prescribing fees for public officers and against permitting such fees by implication.  No officer is permitted to collect fees or commissions unless the same are provided for and the amount thereof declared by law.  This is true, notwithstanding such officer may be required by law to perform specific services for which no compensation is provided.

McCalla v. City of Rockdale, 246 S.W. 654, 655 (Tex. 1922).  See also Moore v. Sheppard, 192 S.W.2d 559, 561 (Tex. 1946); Nueces County v. Currington, 162 S.W.2d 687, 688 (Tex. 1942); State v. Moore, 57 Tex. 307, 321 (1882); Attorney General Opinions MW-104 (1979); H-796 (1976); S-87 (1953); V-957 (1949).

Paragraph B(1)(c) expressly requires a $25.00 fee to be paid by the party initiating an adverse action or contest in a cause in a probate court.  We think that neither paragraph B(1)(c) nor any other statutory provision of which we are aware provides for a fee other than the initial $25.00 fee in such an adverse action.  In Rodeheaver v. Alridge, 601 S.W.2d 51, 54 (Tex. Civ. App. - Houston [1st Dist.] 1980, writ ref'd n.r.e.), the court stated that

> A reading of Article 3930(b) shows that the $25.00 fee which the county clerk is to collect for each filed adverse action or contest covers not only the clerk's services for the initial filing of the action but also many other services which will accrue during the processing of the suit.  Thus, the statutory fee is, in effect, an advance payment for the cost of services which have not been rendered at the time the fee is collected.

In Attorney General Opinion JM-168, we stated that supplemental instruments filed in connection with an ancillary probate action are subject to the fees prescribed by paragraph B(1)(b)(1) of article 3930(b) if the instruments are filed after the inventory and appraisement have been approved or after the inheritance or estate tax receipt has been filed.  We now conclude that, other than the initial $25.00 fee, no fees are authorized for the filing of pleadings and legal instruments in adverse and ancillary actions in the probate courts. To the extent that Attorney General Opinion JM-168 conflicts with this conclusion, it is overruled.

## S U M M A R Y

County clerks are authorized to charge an initial fee of $25.00 to be paid by the party initiating an adverse action or contest in a probate court. An additional fee is not authorized for the filing of pleadings and legal instruments by the defendants in adverse actions in a probate court.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton