TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00378-CV







In Re Estate of Mary Ruth Morris, Deceased







FROM THE COUNTY COURT AT LAW OF TOM GREEN COUNTY


NO. 17,408-L, HONORABLE R. L. BLANN, JUDGE PRESIDING







PER CURIAM



 Tyrone V. Henry seeks to appeal an April 9, 1996, county court order dismissing John Hay
as attorney of record for the estate. (1) Texas Rule of Appellate Procedure 41(a)(1) requires that an appeal
be perfected within thirty days of the signing of an order in the absence of a motion for new trial or a proper
request for findings of fact and conclusions of law. Accordingly, Henry should have perfected his appeal
by filing a notice of appeal by May 9, 1996. See Tex. Prob. Code Ann. § 29 (West Supp. 1996)
(personal representative not required to give bond). However, Henry did not file his notice of appeal until
June 6, 1996. This Court has no jurisdiction in the absence of a timely-filed perfecting instrument. Davies
v. Massey, 561 S.W.2d 799, 801 (Tex. 1978).

 By letter dated July 9, 1996, the Clerk of this Court advised Henry of his apparent failure
to timely perfect his appeal and invited him to submit to the Court a motion to continue the appeal showing
grounds justifying its continuance. Henry's motion in response states that he, through his mother, called the
Clerk's office to learn when the appeal should be perfected. The motion further asserts that the Clerk
advised his mother that the time period within which to perfect an appeal was "100 days, but in some cases
it was 60 days." He notes that he filed the notice of appeal within sixty days of the date the judgment was
signed and urges us to continue the appeal on the ground that he relied on the Clerk's error.

 We note that Henry's motion is not supported by affidavits. See Tex. R. App. P. 19(d). 
But, even accepting the truth of his assertion, we must dismiss the appeal. This Court does not have the
power to extend the appellate timetables, regardless of the circumstances. See B. D. Click Co. v. Safari
Drilling Corp., 638 S.W.2d 860, 862 (Tex. 1982) (courts of appeals may not extend time within which
to file record). The appellant is solely responsible for timely perfecting his appeal. Pro se appellants, as
well as appellants represented by counsel, must comply with applicable procedural rules. Mansfield State
Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978). Reliance on the Clerk is justified only to the extent
that the Clerk is required by law to provide information, and then only to the extent allowed by law. See,
e.g., Tex. R. App. P. 5(b)(3)-(5) (appellate timetable extended when appellant proves that trial court clerk
failed to notify parties of date judgment signed and he learns of it more than twenty but less than ninety days
later). No rule or statute requires the Clerk to advise appellants regarding the deadlines for perfecting an
appeal.

 We overrule Henry's motion to continue and dismiss the appeal for want of jurisdiction. 
Further, we order that Henry bear the costs of appeal. Although Texas Probate Code section 29 exempts
a personal representative from giving security in advance, it does not exempt a personal representative from
the assessment of costs. Tex. Civ. Prac. & Rem. Code Ann. § 29 (West Supp. 1996); Rodeheaver v.
Alridge, 601 S.W.2d 51, 54 (Tex. Civ. App.--Houston [1st Dist.] 1980, writ ref'd n.r.e.). 


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Appeal Dismissed for Want of Jurisdiction

Filed: September 11, 1996

Do Not Publish
1.   We will assume without deciding that the order is appealable. See Tex. Prob. Code Ann. §
5(f) (West Supp. 1996).



Estate of Mary Ruth Morris, Deceased







FROM THE COUNTY COURT AT LAW OF TOM GREEN COUNTY


NO. 17,408-L, HONORABLE R. L. BLANN, JUDGE PRESIDING







PER CURIAM



 Tyrone V. Henry seeks to appeal an April 9, 1996, county court order dismissing John Hay
as attorney of record for the estate. (1) Texas Rule of Appellate Procedure 41(a)(1) requires that an appeal
be perfected within thirty days of the signing of an order in the absence of a motion for new trial or a proper
request for findings of fact and conclusions of law. Accordingly, Henry should have perfected his appeal
by filing a notice of appeal by May 9, 1996. See Tex. Prob. Code Ann. § 29 (West Supp. 1996)
(personal representative not required to give bond). However, Henry did not file his notice of appeal until
June 6, 1996. This Court has no jurisdiction in the absence of a timely-filed perfecting instrument. Davies
v. Massey, 561 S.W.2d 799, 801 (Tex. 1978).

 By letter dated July 9, 1996, the Clerk of this Court advised Henry of his apparent failure
to timely perfect his appeal and invited him to submit to the Court a motion to continue the appeal showing
grounds justifying its continuance. Henry's motion in response states that he, through his mother, called the
Clerk's office to learn when the appeal should be perfected. The motion further asserts that the Clerk
advised his mother that the time period within which to perfect an appeal was "100 days, but in some cases
it was 60 days." He notes that he filed the notice of appeal within sixty days of the date the judgment was
signed and urges us to continue the appeal on the ground that he relied on the Clerk's error.

 We note that Henry's motion is not supported by affidavits. See Tex. R. App. P. 19(d). 
But, even accepting the truth of his assertion, we must dismiss the appeal. This Court does not have the
power to extend the appellate timetables, regardless of the circumstances. See B. D. Click Co. v. Safari
Drilling Corp., 638 S.W.2d 860, 862 (Tex. 1982) (courts of appeals may not extend time within which
to file record). The appellant is solely responsible for timely perfecting his appeal. Pro se appellants, as
well as appellants represented by counsel, must comply with applicable procedural rules. Mansfield State
Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978). Reliance on the Clerk is justified only to the extent
that the Clerk is required by law to provide information, and then only to the extent allowed by law. See,
e.g., Tex. R. App. P. 5(b)(3)-(5) (appellate timetable extended when appellant proves that trial court clerk
failed to notify parties of date judgment signed and he learns of it more than twenty but less than ninety days
later). No rule or statute requires the Clerk to advise appellants regarding the deadlines for perfecting an
appeal.

 We overrule Henry's motion to continue and dismiss the appeal for want of jurisdiction. 
Further, we order that Henry bear the costs of appeal. Although Texas Probate Code section 29 exempts
a personal representative from giving security in advance, it does not exempt a personal representative from
the assessment of costs. Tex. Civ. Prac. & Rem. Code Ann. § 29 (West Supp. 1996); Rodeheaver v.
Alridge, 601 S.W.2d 51, 54 (Tex. Civ. App.--Houston [1st Dist.] 1980, writ ref'd n.r.e.)