

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 12, 1997

The Honorable Eugene D. Taylor
Williamson County Attorney
Courthouse Annex, Second Floor
405 Martin Luther King, Box 7
Georgetown, Texas 78626

Opinion No. DM-459

Re: Whether the State of Texas is exempted from paying filing fees and other court costs prior to judgment; reconsideration of Attorney General Opinion MW-447A (1982)  (RQ-943)

Dear Mr. Taylor:

You state that your office represents the State of Texas in many criminal, juvenile, and civil proceedings pending in the courts of your county. When these cases require the service of citations, subpoenas, or other process in other counties of the state, you have relied on Attorney General Opinion MW-447A (1982) as authority that the state need not pay security for costs, such as filing fees and fees for service of process, prior to judgment. You state that sheriffs and constables have been questioning the continued viability of Attorney General Opinion MW-447A and have been demanding fees in advance. You ask whether the conclusions of Attorney General Opinion MW-447A are still valid.

Attorney General Opinion MW-447A clarified Attorney General Opinion MW-447 (1982), which concluded that section 1 of former article 3912e, V.T.C.S. (1925), now codified as section 154.004 of the Local Government Code,[1] did not exempt the State of Texas from having to pay filing fees in civil cases filed with district clerks. Section 154.004 of the Local Government Code provides that the state may not pay a fee or commission to a district officer or a county officer who is paid an annual salary, but excepts "the payment of costs in a civil case or eminent domain proceeding by the state."

Attorney General Opinion MW-447A pointed out that "[t]he state is liable for costs in a case where costs are properly adjudged against it as the non-prevailing party, and where no statute exempts it from costs," but also noted that former article 2072, V.T.C.S., now codified as section 6.001 of the Civil Practice and Remedies Code ("Code"),[2] provided in pertinent part: "No security

---

[1]See Act of February 25, 1959, 56th Leg., R.S., ch. 23, § 1, 1959 Tex. Gen. Laws 35, 36 (former art. 3912e, V.T.C.S. (1925)), Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 934, 1307 (repeal of art. 3912e, V.T.C.S. and adoption of Local Gov't Code § 154.004 as part of nonsubstantive revision of statutes relating to local government).

[2]See Act of May 17, 1985, 69th Leg., R.S., ch. 959, §§ 1, 9, 1985 Tex. Gen. Laws 3242, 3244-45, 3322 (repeal
(continued...)

for costs shall be required of the State or of any incorporated city or town . . . in any action, suit, or proceeding. . . ."[3] The opinion continued by stating that "[f]iling fees are merely 'security for costs,' so that advance payment of such may not be required." *See Rodeheaver v. Alridge*, 601 S.W.2d 51, 54 (Tex. Civ. App.--Houston [1st Dist.] 1980, writ ref'd n.r.e.). Attorney General Opinion MW-447A concluded that "the state is not required to pay filing fees for the filing of a case, pay fees for service of citation, or give any other security for costs, including any appellate costs, although the state will ultimately be liable for costs should it be the losing party."

Since Attorney General Opinion MW-447A was issued in 1982, it has not been overruled by a court or an opinion of this office, and it has been cited in subsequent opinions.[4] The statute that it construed, former article 2072, V.T.C.S. (1925), was repealed and its substance was incorporated in section 6.001 of the Code, in a nonsubstantive revision of the statutes relating to civil procedure and civil remedies and liabilities.[5] The revision was undertaken for the purposes of "eliminating repealed, invalid, duplicative, and other ineffective provisions, and improving the draftmanship of the law . . . without altering the sense, meaning, or effect of the law."[6]

The subject matter of three other exemptions from court costs was also incorporated into section 6.001 of the Code. These provisions, former articles 279a,[7] 2072a,[8] and 2276[9] V.T.C.S. (1925), overlapped in subject matter with one another and with former article 2072. Former article 279a, V.T.C.S., provided in part that "[n]either the State of Texas, nor any county, nor any state department, nor the head of any state department, . . . *shall be required to give any bond* incident to any suit filed by any such agency, official, and/or entity, *for costs of court* or for any appeal or writ of error . . . "[10] Former article 2072a, V.T.C.S., exempted the banking commissioner and the State Banking Board from giving any "cost bond" in trial courts or on appeal or any supersedeas bond on appeal or writ of error. Former article 2276, V.T.C.S., exempted the State of Texas, its departments

---

[2](...continued)
of art. 2072, V.T.C.S. (1925), adopting Civ. Prac. & Rem. Code § 6.001 and repealing art. 2072, V.T.C.S. as part of nonsubstantive revision of statutes relating to civil procedure and civil remedies and liabilities).

[3]V.T.C.S. art. 2072 (West 1984); *see* Act of April 15, 1909, 31st Leg., 1st C.S., ch. 14, § 1, 1909 Tex. Gen. Laws 284, 284.

[4]*See* Attorney General Opinions DM-360 (1995), DM-250 (1993), DM-26 (1991).

[5]*See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, §§ 1, 9, 1985 Tex. Gen. Laws 3242, 3244-45, 3322.

[6]*Foreword* to Proposed Code, Civ. Prac. & Rem. Code at IX (Vernons 1986).

[7]Act of April 26, 1957, 55th Leg., R.S., ch 213, § 1, 1957 Tex. Gen. Laws 439.

[8]Act of March 25, 1927, 40th Leg., R.S., ch. 135, § 1, 1927 Tex. Gen. Laws 203, 203.

[9]Act of May 9, 1935, 44th Leg., R.S., ch. 283, § 1, 1935 Tex. Gen. Laws 670, 670.

[10]Act of April 26, 1957, *see supra* note 7.

and heads of departments, and various federal entities from giving "any bond . . . for costs of Court or for any appeal or writ of error . . . nor any surety for the issuance of any bond for the taking out of writs of attachment, sequestration, distress warrants, or writs of garnishment in any civil case." In these three exemptions, the legislature used the term "bond" instead of "security" to describe the exemption from advance payment of filing fees and other court costs. In the context of these and similar exemptions, the term "bond" for court costs is synonymous with "security" for court costs.[11]

The recodification combined the four cost exemption statutes into one, and chose the term "bond" for court costs to describe the exemption. Section 6.001 of the Code provides in part:

> (a) A governmental entity or officer listed in Subsection (b) may not be required to file *a bond for court costs* incident to a suit filed by the entity or officer or for an appeal or writ of error taken out by the entity or officer and is not required to give a surety for the issuance of a *bond to take out a writ of attachment*, writ of sequestration, distress warrant, or writ of garnishment in a civil suit.

> (b) The following are exempt from the bond requirements:

>> (1) this state;

>> (2) a department of this state;

>> (3) the head of a department of this state;

>> (4) a county of this state;

>> . . . . [12]

The repeal of article 2072, V.T.C.S. (1925), and the reenactment of its substance in section 6.001 of the Code did not change the meaning of article 2072, nor did it change the conclusion of Attorney General Opinion MW-447A (1982). We reaffirm Attorney General Opinion MW-447A. Section 6.001 of the Civil Practice and Remedies Code exempts the state from paying security for court costs, including filing fees and fees for service of process.

---

[11]*See City of Athens v. Evans*, 63 S.W.2d 379, 382 (Tex. Comm'n App. 1933, judgm't adopted) (art. 2072, V.T.C.S. (1925) refers not only to bonds as security for costs in trial courts, but also to bonds as security for costs of an appeal); *Montoya v. McManus*, 362 P.2d 771, 777 (N.M. 1961) ("bond" for payment of costs that may be adjudged against party in election contest is synonymous with "security").

[12]Civ. Prac. & Rem. Code § 6.001 (emphasis added). Section 6.001(c) provides that a county or district attorney is not exempt from filing a bond to take out an extraordinary writ unless approved by the commissioners court in an action in behalf of the county or the attorney general in an action brought in behalf of the state.

We further point out that section 6.001 of the Civil Practice and Remedies Code only exempts the state from advance payment of filing fees and other court costs but does not exempt it from ultimately paying such costs. In the absence of a provision exempting the state from liability for costs in a particular type of case, such as section 154.004 of the Local Government Code, the state, like other parties, is liable for its costs.[13] When the state prevails in a suit it may recover all costs from the losing party,[14] but in the event the state cannot recover its costs from the losing party, the state will have primary liability to pay them. *See Rodeheaver*, 601 S.W.2d at 54; *Roby v. Hawthorne*, 84 S.W.2d 1108, 1109 (Tex. Civ. App.--Dallas 1935, writ dism'd).

## S U M M A R Y

Section 6.001 of the Civil Practice and Remedies Code exempts the state from paying security for court costs, such as filing fees and fees for service of process. Attorney General Opinion MW-447-A (1982) is reaffirmed.

Section 6.001 exempts the state only from advance payment of filing fees and other court costs and does not exempt it from ultimately paying such costs. In the absence of a provision exempting the state from liability for costs in a particular type of case, the state is liable for its costs. When the state prevails in a suit it may recover all costs from the losing party, but if it cannot recover its costs from the losing party, the state will have primary liability to pay them.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

---

[13]Tex. R. Civ. P. 125-27.

[14]*Id.* 131.