COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTION

Appellate case name:  In the Interest of C.B. and M.B., Children

Appellate case number:  01-18-01086-CV

Trial court case number:  2018-04586J

Trial court:  315th District Court of Harris County

Appellant, the Texas Department of Family and Protective Services ("DFPS"), timely filed a notice of appeal on December 4, 2018, from the sanctions order signed by the trial court on November 19, 2018, which was later amended on December 19, 2018. On January 7, 2019, DFPS filed a copy of a request to the district clerk to file a supplemental clerk's record containing the amended order and other documents, and DFPS filed an amended notice of appeal on January 23, 2019. On January 22, 2019, the court reporter was granted an extension of time until February 21, 2019, to file the reporter's record because her information sheet stated that no fee payment had been received from DFPS. Then the Clerk of this Court's January 22, 2019 notice warned DFPS that this Court may require it to file a brief without the reporter's record if that record fee had not been paid by February 21, 2019, and that if DFPS believed that it was exempt, it should file an explanation by that deadline.

On January 24, 2019, DFPS filed this "Motion to Acknowledge Department's Exemption From Payment of Any Court Cost or Fee in this Proceeding, Including for Court Reporter Fees." DFPS contended that Section 40.062 of the Human Resource Code exempts it from having "to pay any cost or fee otherwise imposed for court proceedings or other services, including" a "Court reporter fee imposed by Section 51.601, Government Code." TEX. HUM. RES. CODE ANN. § 40.062(3) (West 2013). On January 29, 2019, appellees, M.B. and M.D.B., filed a response in opposition. Appellees contend that DFPS promised to pay the court reporter and it only recently claimed that it is exempt, but that it should not be exempted under Human Resources Code Section 40.062(3). Appellees assert that Government Code Section 51.601 does not apply to the reporter's record fee and, instead, applies to the "court reporter service fee of $15 as a court cost in each civil case

filed with the clerk to maintain a court reporter who is available for assignment in the court." TEX. GOV'T CODE ANN. § 51.601(a) (West 2013).

However, although the supplemental clerk's record has not been filed yet, the original clerk's record was already filed on December 13, 2018, without advance payment of the record fee. As a governmental department of this state, DFPS "may not be required to file a bond for *court costs* . . . for an appeal . . . taken out by the [governmental] entity or officer . . . in a civil suit." TEX. CIV. PRAC. & REM. CODE ANN. § 6.001(a), (b)(2) (West 2002) (emphasis added); *see also In re State Bd. for Educator Certification*, 452 S.W.3d 802, 808 (Tex. 2014) ("CPRC section 6.001 simply restates settled law that the State may appeal without filing a bond."). This means that DFPS is exempt from the bond requirement and is allowed to supersede the sanctions order by filing a notice of appeal without filing a bond for court costs. *See Ammex Warehouse Co. v.* Archer, 381 S.W.2d 478, 485 (Tex. 1964) ("The State has a valid statutory right to a supersedeas without filing a bond upon perfecting its appeal by giving proper notice."); *see also In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding).

The standard General Information form issued by the Clerk of this Court in all civil appeals states that "[a]ll civil motions must include a certificate of conference, . . . and require a $10 filing fee, unless the movant has established indigence *or is exempt from the advance payment of filing fees, e.g., the State or a political subdivision of the State*." Gen. Info. Ltr., dated Dec. 14, 2018, at 3 (emphasis added). The General Information form cites to an attorney general opinion which explains that "section 6.001 of the Civil Practice and Remedies Code only exempts the state from *advance* payment of filing fees and other court costs but does not exempt it from ultimately paying such costs." Op. Tex. Att'y Gen. No. DM-459 (Dec. 12, 1997), 1997 WL 770719, at *2 (emphasis added) (citing, *inter alia*, *Rodeheaver v. Alridge*, 601 S.W.2d 51, 54 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.)). Thus, because appellate record fees are part of "court costs . . . for an appeal," DFPS is exempt from advance payment for the clerk's record, the appellate filing, and the reporter's record fees. TEX. CIV. PRAC. & REM. CODE ANN. § 6.001(a), (b)(2).

Accordingly, the Court **grants** DFPS's motion and the Clerk of this Court is **directed** to mark DFPS exempt in this Court's records and allowed to proceed without advance payment of the appellate filing, clerk's record, and reporter's record fees. The Court **ORDERS** the district clerk to file the supplemental clerk's record, and the court reporter, Cara Massey, to file the reporter's record, both **within 20 days of the date of this Order,** without advance payment from DFPS. Costs of preparing these records will be assessed upon issuance of this Court's opinion and judgment. *See* TEX. R. APP. P. 43.4.

It is so ORDERED.

Judge's signature: _/s/ Laura Carter Higley_____

☒ Acting individually

Date: ____February 21, 2019____