**Opinion issued May 16, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00634-CV

————————————

## IN THE GUARDIANSHIP OF BOBBY CHARLES GAFFORD, AN INCAPACITED PERSON

---

**On Appeal from the Harris County Probate Court No. 4**
**Harris County, Texas**
**Trial Court Case No. 446312**

---

## MEMORANDUM OPINION

Appellant, Analee Garduno Gafford ("Analee"), challenges (1) the order in which the trial court ruled that she lacked standing either to contest the application of Emily Crumby ("Emily") to appoint a permanent guardian of the person of Bobby Charles Gafford ("Bobby") or to apply in her own right for the appointment

of a guardian for Bobby and (2) the order that appointed appellee, Debbie Crumby ("Debbie"), as permanent guardian of Bobby's person.

In seven issues, Analee contends that this Court has jurisdiction to review the trial court's orders; the trial court lacked jurisdiction to appoint Debbie as permanent guardian of Bobby's person; and the trial court erred in granting relief in excess of the pleadings, finding that Analee intended to divorce Bobby, finding that Analee transferred Bobby's car to herself without authority, finding that Analee had interests adverse to Bobby's because she allegedly owed him a debt, and finding that Analee brought her own application for a guardianship and her contest to Emily's application in bad faith.

We vacate in part, dismiss in part, and remand.

## Background

Bobby lost the ability to fully care for himself and his home in his advanced age. In early 2016, the trial court received information that led it to appoint an investigator to determine whether it was necessary to appoint a guardian for Bobby. Emily, Bobby's granddaughter, filed an application for the appointment of a temporary guardian of Bobby's person and his estate. The trial court appointed Emily as Bobby's temporary guardian and appointed an attorney ad litem for him. Emily then filed an application to be appointed as permanent guardian of Bobby's

2

person and, in compliance with the Texas Estates Code, named Analee in her application because Analee purports to be Bobby's wife.

Subsequently, Analee appeared in the proceedings below, after the trial court, at Emily's request, temporarily restrained Analee from accessing any of Bobby's financial accounts or his car, entering his home, or contacting him. Analee moved to set aside the trial court's appointment of Emily as Bobby's temporary guardian; initiated a contest to Emily's application for permanent guardianship; applied to be appointed as Bobby's permanent guardian; and sought the restoration of her ability to see Bobby, including at his home. Analee, Emily, and the attorney ad litem then agreed that Marcia Pevey would serve as temporary guardian of Bobby's person and his estate pending the outcomes of the trial court's proceedings.

After further investigation into Bobby's condition, Emily moved for an order in limine ruling that Analee had no standing to contest Emily's permanent guardianship application.[1] Also, Rebecca Coulson, a person unrelated to Bobby, filed an application seeking Pevey's appointment as permanent guardian of Bobby's person and estate.

---

[1] A challenge to a party's standing to participate in a guardianship proceeding is often referred to as an issue "in limine" that can be raised by a "motion in limine" or by a motion to dismiss for lack of standing. *See, e.g.*, *In re Estate of Chapman*, 315 S.W.3d 162, 164 (Tex. App.—Beaumont 2010, no pet.); *Edwards v. Haynes*, 690 S.W.2d 50, 51 (Tex. App.—Houston [14th Dist.] 1985), *rev'd on other grounds*, 698 S.W.2d 97 (Tex. 1985).

Analee specially excepted to Emily's motion in limine, but the trial court denied her special exceptions. After an evidentiary hearing, the court entered an order granting the motion in limine, striking Analee's pleadings "for lack of standing due to adverse interests," and allowing Emily to "proceed on her application for the appointment of" a permanent guardian for Bobby (the "Limine Order"). The court later entered findings of fact and conclusions of law in support of the Limine Order.

On May 19, 2017, Emily set her application for appointment as Bobby's permanent guardian for hearing on June 2, 2017. But, on May 24, 2017, Emily filed another application for the appointment of a permanent guardian of Bobby's person, which, for the first time, asked that Debbie, who is both Emily's mother and Bobby's former daughter-in-law, be appointed permanent guardian of Bobby's person. Emily attached to this application an affidavit in which her attorney testified that a "Waiver of Service is attached" in which Debbie waived service of citation of the application. No such waiver, however, appears in the record, and there is no indication of service of citation upon Bobby.

Two hours and forty minutes after Emily filed this application, the trial court, on May 24, 2017, entered an order appointing Debbie as permanent guardian of Bobby's person (the "Personal Guardianship Order"). Analee appealed the

Personal Guardianship Order and any "other orders which merged into" it, including the Limine Order.

On September 20, 2017, the trial court entered an order appointing Pevey as permanent guardian of Bobby's estate (the "Estate Guardianship Order").

**Jurisdiction and Finality of Orders in Guardianship Proceedings**

We first note that portions of Analee's first issue, and her seventh issue, implicate our jurisdiction over this appeal. In her first issue, Analee argues that we have jurisdiction to review the Personal Guardianship Order and the Limine Order because, though interlocutory at the time, the Limine Order merged into either the Personal Guardianship Order or the Estate Guardianship Order. In her seventh issue, Analee argues that the trial court did not have jurisdiction to enter the Personal Guardianship Order because Emily's application requesting that Debbie be appointed as permanent guardian of Bobby's person did not "comply with the requirements of the [Texas] Estates Code." We address these issues first because they implicate our jurisdiction. *See, e.g.*, *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex. 2012); *Harris v. Taylor*, No. 01-15-00925-CV, 2016 WL 4055688, at *3 (Tex. App.—Houston [1st Dist.] July 28, 2016, no pet.) (mem. op.); *Churchill v. Mayo*, 224 S.W.3d 340, 344 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

We review issues concerning a trial court's subject-matter jurisdiction de novo. *Gauci v. Gauci*, 471 S.W.3d 899, 901 (Tex. App.—Houston [1st Dist.] 2015, no pet.). A judgment or order entered without jurisdiction is void. *See id.*; *Saudi v. Brieven*, 176 S.W.3d 108, 113 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). "[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination." *Freedom Commc'ns*, 372 S.W.3d at 623.

In this case, the Personal Guardianship Order appointed Debbie permanent guardian of Bobby's person. The trial court entered the order on May 24, 2017. The only pleading in the record constituting an application that Debbie, as opposed to Emily, be appointed as permanent guardian of Bobby's person was filed also on May 24, 2017, only two hours and forty minutes before the trial court signed its order. Analee asserts that neither Bobby nor Debbie was served with citation of the application, in violation of Texas Estates Code sections 1051.103(a)(1) and (a)(5). And she asserts that the failure to observe these statutory requirements deprived the trial court of jurisdiction to enter the Personal Guardianship Order. *Cf. In re Guardianship of Phillips*, No. 01-14-01004-CV, 2016 WL 3391249, at *3–5 (Tex. App.—Houston [1st Dist.] June 16, 2016, no pet.) (mem. op.); *Gauci*, 471 S.W.3d at 901–02. Debbie appears to concede this point but argues that we need not reach

6

it because the Limine Order deprives Analee of the ability to contest the Personal Guardianship Order on appeal. Specifically, Debbie argues:

> [B]ecause [Analee] was found to lack standing . . . , [Analee] cannot complain regarding the procedural irregularities concerning the [Personal Guardianship Order]. However, if this [C]ourt believes such challenge can properly be maintained by [Analee], it does appear that the trial court's jurisdiction was not invoked because of a failure to comply with [the Texas Estates Code].

Debbie does not direct us to any evidence in the record, and we have found none, that either Bobby or Debbie were served with citation of Emily's May 24, 2017 application requesting that Debbie be appointed as permanent guardian of Bobby's person. And although Emily attached to the application an affidavit from her attorney testifying that Debbie had agreed to a "Waiver of Service" that was "attached" to the affidavit, no such waiver appears in the record. Analee is correct that a waiver of service required by Texas Estates Code section 1051.103 is effective only if it is in a "writing filed with the clerk." TEX. EST. CODE § 1051.105. We find no other indication in the record that Debbie had appeared as a party in the proceeding before she was appointed as permanent guardian of Bobby's person.

As for Debbie's assertion that the Limine Order precludes Analee from challenging the Personal Guardianship Order in this appeal, Debbie cites no authority, and we have found none, for the proposition that a trial court's grant of a limine order ruling that a party lacks standing to contest an application to appoint

7

another as permanent guardian of the person precludes that party from later appealing the final order appointing a permanent guardian of the person.

Accordingly, we conclude that the application supporting the Personal Guardianship Order has not been shown to have complied with Texas Estates Code sections 1051.103(a)(1) and (a)(5), thereby depriving the trial court of jurisdiction to enter the Personal Guardianship Order. *Cf. Guardianship of Phillips*, 2016 WL 3391249, at *3–5; *Gauci*, 471 S.W.3d at 901–02. That order therefore must be vacated. *See, e.g.*, *Freedom Commc'ns*, 372 S.W.3d at 624.

This conclusion affects our jurisdiction over the remainder of Analee's appeal, under the particular rules governing the finality of orders and judgments in guardianship proceedings.

Generally, parties may appeal only from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 & n.12 (Tex. 2001). However, appeals from probate courts, which adjudicate guardianship proceedings, involve an exception to the final-judgment rule because multiple final judgments may be rendered on discrete issues before an entire probate proceeding is concluded. *See Trevino v. Reese*, No. 01-10-00717-CV, 2011 WL 2436523, at *2 (Tex. App.—Houston [1st Dist.] June 16, 2011, no pet.) (mem. op.); *Young v. First Cmty. Bank, N.A.*, 222 S.W.3d 454, 456 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Certain orders in guardianship proceedings—including those that dispose of all parties and issues

8

"in a particular phase of the proceedings"—may be appealable final orders even if not every party and issue in the entire proceeding has yet to be disposed of. *See Brittingham–Sada de Ayala v. Mackie*, 193 S.W.3d 575, 579 (Tex. 2006); *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995); *Young*, 222 S.W.3d at 457.

Both Analee and Debbie present this appeal as if the Limine Order were an interlocutory order, appealable only insofar as it merged into a later order of the trial court. First, Analee contends that the Limine Order is appealable insofar as it merged into the Estate Guardianship Order. However, the litigation over the appointment of a permanent guardian of Bobby's estate logically represents a different phase of the proceedings from the litigation over the appointment of a permanent guardian of Bobby's person. *See, e.g.*, *Brittingham–Sada de Ayala*, 193 S.W.3d at 578–79; *Trevino*, 2011 WL 2436523, at *3. Therefore, the guardian-of-the-person phase of the proceedings is final, or not, irrespective of the guardian-of-the-estate phase's progress. We conclude that the Limine Order is not appealable for having merged into the Estate Guardianship Order, which is from a different phase of the proceedings.

Second, both parties assert that the Limine Order, though interlocutory, is appealable for having merged into the Personal Guardianship Order. However, as we have already concluded, the Personal Guardianship Order is void for lack of jurisdiction. Debbie points out that the result of vacating the Personal Guardianship

9

Order as void is that we may not reach the merits of the Limine Order: "If this court finds that the trial court lacked jurisdiction to appoint Debbie Crumby, then there is no final order appointing a guardian. Without a final order, Appellant's appeal is interlocutory." *Cf. In re Guardianship of Miller*, 299 S.W.3d 179, 182–85 (Tex. App.—Dallas 2009, no pet.) (en banc) (holding trial-court order ruling that appointment of guardian was unnecessary to be final, appealable order because it disposed of only issue remaining to be determined where earlier limine order had disposed of all but one other party's applications for appointment of permanent guardian of person for proposed ward).

Notably, Analee does not assert that the Limine Order was a final, appealable order in its own right. Given the parties' agreement regarding the interlocutory status of the Limine Order, and because the Personal Guardianship Order is void for lack of jurisdiction, we do not review the merits of the Limine Order in this appeal. The result of our disposition is that we vacate the Personal Guardianship Order, remand for further proceedings consistent with this opinion, and dismiss the remainder of this appeal.

We sustain Analee's seventh issue, we sustain the portion of her first issue in which she asserted that we have jurisdiction to review the Personal Guardianship Order, and we overrule the portion of her first issue in which she asserted that the Limine Order is appealable for having merged into either the Personal

10

Guardianship Order or the Estate Guardianship Order. Our disposition precludes us from reaching the remainder of Analee's issues. *See* TEX. R. APP. P. 47.1.

## Conclusion

We vacate the Personal Guardianship Order for lack of jurisdiction, and we remand for further proceedings consistent with this opinion. We dismiss the remainder of Analee's appeal.


Julie Countiss
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.